## BYERS v. SHARP.

No. 4752.   Opinion Filed October 12, 1915.

Rehearing Denied December 7, 1915.

(153 Pac. 127.)

**EVIDENCE—Admission in Pleading — Effect — Replevin — Possession.**
Where, in an action of replevin, plaintiff proved a **prima facie** case in all respects except to prove possession of the property in defendant at the commencement of the action, and which, in his answer, he admitted as an agent of another and where defendant proved, without objection, that, prior to the commencement of the suit, he had come into possession thereof under color of right and had sold the same and was not in possession at the time of the commencement of the suit, **held,** that his answer was amended so

as to conform to the proof and superseded his admission of posses-
sion therein and that, as said admission was not introduced in
evidence, the court did right to direct a verdict for defendant.
(Syllabus by the Court.)

*Error from County Court, Atoka County;*
*W. S. Farmer, Special Judge.*

Action by Ben Byers against W. B. Sharp.  Judg-
ment for defendant, and plaintiff brings error.  Affirmed.

*J. M. Humphreys,* for plaintiff in error.

*Linebaugh Bros. & Pinson,* for defendant in error.

TURNER, J.  On October 28, 1909, Ben Byers, plain-
tiff in error, sued W. B. Sharp, defendant in error, before
a justice of the peace in Atoka county in replevin for
certain personal property, claiming special ownership
therein by virtue of a chattel mortgage thereon made,
executed, and delivered to him by R. M. Sharp, a brother
of defendant.  He recovered.  The cause was appealed to
the county court.  There defendant answered, and, in
effect, after a general denial, admitted possession of the
property thus:

"That the possession of the defendant of the prop-
erty described herein, which he had possession of at the
time of the filing of this suit, was as agent of the Mer-
chants' National Bank of Lehigh, Oklahoma, who had a
special interest therein," etc.

To maintain the issues on his part plaintiff proved a
*prima facie* case in all respects, except (relying on said
solemn admission) to prove that defendant was in posses-
sion of the property sued for at the time the action was
commenced.  To defeat recovery defendant, on his part,
without objection, proved that he took possession of the
property under a claim of right immediately after the
death of his brother, R. M. Sharp, and sold the same,
and parted with possession thereof long before the insti-

tution of the suit, and had not possession thereof at that time, and the fact stands uncontroverted in the evidence. At the close of all the evidence the defendant moved the court to direct a verdict in his favor, which was done. There was no error in this. When defendant, without objection, proved, as he did, that he had sold and parted with possession of the property prior to the commencement of the suit and had not possession thereof at that time, his answer stood amended to conform to the proof and superseded the solemn admission which, not being introduced in evidence by plaintiff at the time the court passed upon the motion to direct a verdict, could not be considered by the court in passing. In *Lane v. Choctaw, Okla. & Gulf Ry. Co.*, 19 Okla. 382, 91 Pac. 883, Burford, C. J., said:

"The weight of authority and better reasoned cases support the rule that a pleading or an admission or allegation in a pleading, notwithstanding it may have been withdrawn, stricken out or superseded by an amended pleading, is competent in evidence, and may be introduced against the party from whom it proceeded, like any other admission or declaration, subject, however, to explanation by the party who made it. This rule rests on the general principle that whatever a party has said about his case may be proved against him, and whatever writing he has signed or authorized may be, if relevant, introduced against him, the weight of such evidence to be left to the court or jury trying the case (citing authorities). In this case the superseded petition was not intrdouced in evidence, and its contents were not proper to be considered, either as admissions of record or as evidence in the case. The rights of the parties should have been determined upon the averments contained in the pleadings upon which the cause proceeded to trial, regardless of any former

pleadings, unless properly offered and admitted in evidence."

Affirmed.

All the Justices concur.