W. P. HAMBLIN, INC. *vs.* NEWARK FIRE INSURANCE COM-
PANY.

NOVEMBER 3, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Insurance. General Agents. Waiver.*

A general agent has no authority to make a promise of payment or waive written proof of loss under an insurance policy, requiring a sworn statement within sixty days and providing that no agent shall have power to

waive any of the terms of the policy unless such waiver is written upon or attached thereto.

*(2)  Insurance.   General Officers.   Waiver.*

The powers of the general officers of an insurance corporation are usually less restricted than those of a general agent and their power to bind the company by their acts and declarations is greater.

*(3)  Insurance.   Waiver.*

Where after the expiration of the sixty day period, within which a sworn proof of loss was required under a policy of insurance, the company wrote insured from its main office, referring insured to its attorney, it was a waiver of the condition requiring the filing of the proof within the stipulated period.

*(4)  Insurance.  ·Attorney and Client.   Principal and Agent.*

The authority of an attorney to act for his principal is different from that of a general agent and in many respects more extensive.

*(5)  Insurance.   Waiver.   Estoppel.*

A provision in an insurance policy that no agent shall have power to waive any of the terms of the policy unless such waiver is written upon or attached thereto, does not apply to the bringing of suits until suit is begun and hence cannot be applied to matters which occurred before suit is brought and further such clause has no application to facts creating an estoppel.

*(6)  Insurance.   Estoppel.*

Where the company was informed of the loss and its agent waived sworn proof of loss, although such waiver was ineffectual, if the company with knowledge of the situation and within the period permitted for filing sworn proof of loss, so acted as to cause insured to understand that such proof was not required, the agent's acts might well be the basis of an estoppel.

*(7)  Insurance.   Estoppel.*

Where an insurance company by its acts and those of its attorney caused insured to refrain from bringing suit within the period limited by the policy, the company is estopped from relying on the period of limitation of suit.

ASSUMPSIT.   Heard on exception of plaintiff and sustained.

STEARNS, J.   This is an action to recover damages for the loss of an automobile owned by plaintiff and insured by defendant, a foreign insurance company.   Plaintiff was nonsuited for failure to make a sworn proof of loss to the company.   The case is here on plaintiff's bill of exceptions.

The only exception is to the nonsuit. The facts for the present inquiry are undisputed. Plaintiff, a dealer in automobiles, through its Woonsocket agency made a conditional sale of an automobile in July, 1923, to one Charles Koury on the usual terms that title was to remain in the vendor until full payment was made, and insured the automobile through one Kirby, defendant's agent in Woonsocket. A month later the automobile was stolen from Koury in Providence. Herbert A. Doyle, plaintiff's Woonsocket agent, at once notified Kirby of the theft, filled out the usual form of notice of loss and left it with Kirby who said to him: "This will take the usual form; that is all you have got to worry about, we will pay that," there is nothing more for you to do. It was provided in the policy, which was in the standard form, that the assured should give written notice of the loss to the company or the agent who issued the policy and within sixty days render a sworn statement to the company; in the event of a disagreement, the amount of the loss should be determined by appraisers, the assured and the company each to select one, the two appraisers to select an umpire; if the appraisers failed to agree, the matter should be submitted to the umpire and the written award of any two of them should determine the amount; that no suit should be maintainable unless commenced within one year after the loss; and no officer, agent or other representative of the company should have power to waive any of the terms of the policy unless such waiver was written upon or attached thereto. After his interview with Kirby, Doyle wrote to the company. By a letter to him in reply from the main office of defendant in New Jersey, Doyle was referred to the attorney of the company in Providence. The sixty day period had then elapsed. On receipt of this letter he went to the attorney's office. The attorney gave him a report wherein it appeared the company claimed that Koury had stolen the automobile, and Doyle was informed if this was the fact the company would not pay the loss. He then asked the attorney if the

company wanted him to produce Koury, and, if he did, if it would pay the claim. The attorney said: "Absolutely, you can rest assured it will be paid." Koury had moved away from Woonsocket, but Doyle found him and together they went to the attorney's office. The attorney called into his office an adjuster of the company and Doyle stated his claim and told him if it was not paid he would bring action at once. He was assured that he need not bring suit, that the loss would be paid. The attorney asked Doyle to name an appraiser which he did. Defendant has never named its appraiser and now refuses to pay the loss.

On a motion for nonsuit or direction of a verdict for defendant, if there is any evidence to support plaintiff's right of action, the case must be submitted to the jury. The truth of plaintiff's evidence and all legitimate inferences therefrom favorable to plaintiff are in effect admitted by these motions; the weight of the evidence is not an issue. The correspondence referred to in the testimony was not put in evidence by either party, nor was there any evidence of any limitation of Kirby's authority other than that in the policy. Kirby was more than a special or local agent. He countersigned and issued this policy, which contained the condition that it should not be valid unless countersigned by a duly authorized agent of defendant. He was also authorized to receive notice of any loss. There was thus evidence that he was a general agent of the company. In the recent case of *Inventasch* v. *Superior Fire Insurance Co.* (decided June 22, 1927), 48 R. I. 321, we held that a general agent under a similar clause in a policy had no authority to make an oral waiver of a condition against encumbrances, and that such a clause was notice to the insured of the agent's lack of authority to waive conditions except in writing. Plaintiff knew the conditions of the policy and was bound by them. The agent had no authority to promise payment or waive written proof of loss, and plaintiff had no right to rely on any such promise or waiver. So far there was no waiver or basis for a claim of estoppel. But the condition

being for the benefit of the company could of course be waived by it.   As defendant is a corporation it can only act by agents, such as directors, officers and other individuals. The powers of the general officers of an insurance corporation are usually less restricted than those of a general agent and their power to bind the company by their acts and declarations is greater.   The testimony is that the company referred Doyle to its attorney for a settlement.   How or by whom the company took this action does not appear, but defendant did not question the accuracy of this general statement in cross-examination.   The company knew the facts; it could ratify the unauthorized waiver of its agent or make another and valid waiver.   That the company did waive this condition is a reasonable inference from its reference of the adjustment to its attorney; otherwise, such a reference was futile.   It is further to be noted in this connection that the authority of an attorney to act for his principal is different from that of a general agent and in many respects more extensive.   In *Metcalf* v. *Phenix Ins. Co.,* 21 R. I. 307, approving *Oakman* v. *City Ins. Co.,* 9 R. I. 356, it was decided that such waiver clause in a policy does not apply to the bringing of suits until suit is begun, and hence can not be applied to matters which occurred before suit is brought and that such a clause has no application to facts creating an estoppel.   A distinction between waiver and estoppel was recognized and defined in these cases.   Waiver and estoppel are of the same family and, although not identical, they have so many elements in common that it is often difficult to make a distinction.   In the case at bar the company was immediately informed of the loss.   Although the agent's waiver of sworn proof was ineffectual, if the company had knowledge of the situation and, before the sixty days elapsed, so acted as to cause plaintiff to understand that such proof was not required, the agent's acts might well be the basis of an estoppel.   The company by its acts and those of its attorney caused the plaintiff to refrain from bringing suit within the year.   This

estops defendant from reliance on the one year limitation of suit. The exception of plaintiff to the nonsuit is sustained.

The case is remitted to the Superior Court for a new trial.

*John R. Higgins,* for plaintiff.

*Hinckley, Allen, Tillinghast & Phillips,* for defendant.