PRUDENTIAL FIRE INS. CO. v. TRAVE-TAYLOR CO.

No. 30922. Oct. 10, 1944.

*152 P. 2d 273.*

Ames, Monnet, Hayes & Brown, of Oklahoma City, for plaintiff in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover under the terms of a standard form fire insurance policy for damage to lithographic engraving stones alleged to have been caused by fire.

The policy under which plaintiff based its right to recovery contained the following provision:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within 12 months next after the fire."

The fire occurred on April 7, 1940, and the action on the policy was not instituted until June 6, 1941. The plaintiff, in avoidance of the limitation provision above quoted, pleaded that defendant had through its adjuster led the plaintiff to believe at all times until April 8, 1941, that the loss would be paid as soon as the extent thereof could be determined and the adjuster had requested time in which to have experts examine the injured property and to ascertain the extent of damage done thereto and had taken until the latter part of March, 1941, to have such examinations made, and that the experts did not complete their examinations in time to afford plaintiff an opportunity to institute the action within the limitation period provided in the policy and that defendant had never advised or informed plaintiff that it intended to deny liability but had at all times led plaintiff to believe that the only issue was the amount of loss and that by its conduct defendant had waived the limitations and had estopped itself to plead the same as a bar to the action. The answer of the defendant consisted of a general denial and a plea of the limitation provision of the policy as a bar to the action of plaintiff. Upon the issues so framed trial was had to a jury.

The evidence adduced disclosed, in substance, that the defendant had issued a policy of insurance upon the property involved insuring against loss by fire in the amount of $10,000; that the property had been involved in a fire which occurred on April 7, 1940, and that defendant had employed an adjuster to investigate and adjust the loss if possible; that defendant neither expressly admitted nor denied the liability but that the adjuster employed by it informed the plaintiff that he was not in position to determine the amount of loss and he would like to have experts examine the property and ascertain the extent of damage thereto; that plaintiff consented to such course of conduct and that the adjuster employed several experts, who did not complete their investigation until the latter part of March, 1941, when they reported that in their opinion the property had sustained no appreciable damage as a result of the fire, and that this information was not communicated to the plaintiff until after the period in which an action on the policy might have been instituted had expired; that plaintiff instituted the action shortly thereafter. Demurrer to the evidence of plaintiff was overruled and motion of defendant for directed verdict in its favor was likewise overruled. The jury returned a verdict in favor of plaintiff and assessed its recovery at the sum of $5,000. Motion for new trial was overruled and defendant has perfected this appeal.

Defendant makes but two contentions for reversal of the judgment. The contentions so made are, in substance, that the demurrer to the evidence of plaintiff should have been sustained and the motion of defendant for directed verdict at the close of all of the evidence should have been sustained.

The first contention of defendant is based upon the fact that the action was admittedly not instituted within 12 months next after the fire, and that, since the evidence does not reveal that defendant was guilty of any active misrepresentation or any fraud, there exists no estoppel, and hence the action being barred by the limitation provision, demurrer of the defendant to the evidence of the plaintiff should have been sustained. The defendant reasons that waiver is necessarily based on some element of estoppel and that, since some act of fraudulent character is essential to the creation of estoppel, there could be no implied waiver of the limitation provision in which an action on the policy had to be instituted. As supporting the contention so made defendant directs our attention to Wever v. Pioneer Fire Ins. Co., 49 Okla. 456, 153 P. 1146; United States Fire Ins. Co. v. Swyden, 175 Okla. 475, 53 P. 2d 284; Continental Ins. Co. v. Portwood, 184 Okla. 22, 84 P. 2d 435; Dickirson v. Pacific Mutual Life Ins. Co., 319 Ill. 311, 150 N. E. 256; Gibraltar

Fire & Marine Ins. Co. v. Lanier, 64 Ga. A. 269, 13 S. E. 2d 27; Security Ins. Co. v. McAlister, 90 Okla. 274, 217 P. 430. An examination of the above-cited cases will reveal that they are authority for the rule that a limitation provision such as the one here involved is valid and for the rule that negotiations for adjustments of a loss are not in themselves sufficient to create an estoppel of the insurer to plead the limitation provision. The rules of law so announced are in our opinion sound in the situations in which they were applied, but, as we view the record here, have no application herein for the reasons which will hereinafter appear.

While it is settled that a provision in a standard form fire insurance policy such as the one involved is valid and may be pleaded by the insurer in an action brought on the policy where there are no extrinsic facts involved which would have the effect of suspending the limitation provision, it is equally well settled that the provision is one for the benefit of the insurer, and therefore one which can be waived by it and which will be deemed to have been waived where it would be inequitable to permit it to be pleaded. See Wever v. Pioneer Fire Ins. Co., supra; Pacific Mutual Life Ins. Co. v. Adams, 27 Okla. 496, 112 P. 1026; Northwestern Nat. Life Ins. Co. v. Ward, 56 Okla. 188, 155 P. 524; Thompson v. Phenix Ins. Co., 136 U. S. 287, 10 S. Ct. 1019, 34 L. Ed. 408; W. P. Hamblin Inc. v. Newark Fire Ins. Co., 48 R. I. 473, 139 Atl. 212; Keil Motor Co. v. Royal Ins. Co., Ltd., of Liverpool (Del.) 6 Harr. 24, 171 Atl. 201; Friedberg v. Insurance Co. of North America, 257 Mich. 291, 241 N. W. 183.

Waiver is the intentional relinquishment of a known right or conduct which warrants an inference of such intent (Northwestern Nat. Life Ins. Co. v. Ward, supra), and where it is properly pleaded and there is evidence to support the plea so made, it becomes a question of fact for the jury. The distinction between waiver and estoppel has not always been clearly drawn by the courts (Northwestern Nat. Life Ins. Co. v. Ward, supra), and while the distinction which the defendant seeks to have here made has been applied by some of the courts (Chandler v. John Hancock Mutual Life Ins. Co., 180 Mo. App. 394, 167 S. W. 1162; Engebretson v. Hekla Fire Ins. Co., 58 Wis. 301, 17 N. W. 5), we deem it inapplicable to the facts shown in the record here presented, and that there may be a waiver of existing rights even though no elements of estoppel are involved in the facts proved. Applying the rules announced in the above-cited cases to the facts shown in the record, we are of the opinion that the evidence was sufficient to support the inference that the defendant intended by its conduct to admit liability to the extent of the damage which had been done to the plaintiff's property by the fire involved when this had been ascertained, and that thereby the defendant waived the limitation provision when it did not deny liability within the time to enable the plaintiff to institute the action within the limitation provision contained in the policy. Under these circumstances, we hold that the demurrer to the evidence of plaintiff was properly overruled.

The next contention of the defendant, that it was error to overrule its motion for directed verdict, rests upon much the same argument that was advanced in support of the first contention and which we have heretofore considered. The defendant, however, under its second contention expands the argument by a further discussion of the rule relative to the insufficiency of negotiations for settlement to establish an estoppel upon the insurer to plead and rely upon the limitation provision of the policy, and in support of this further contention directs our attention also to the case of Aetna Insurance Co. v. Wewoka Realty & Trust Co., 104 Okla. 183, 230 P. 738; Dahrooge v. Rochester-German Ins. Co. of Rochester, 177 Mich. 442, 143 N. W.

608. An examination of the cited cases will readily reveal that they are wholly without application to the situation here presented since the effect of the holdings in said cases is that, where negotiations have been broken off in sufficient time to enable insured to institute an action within the limitation provision, the delay incident thereto may not be pleaded to extend the period in which an action must be instituted. This is an entirely different situation from the one here involved. As said in Myers v. Chamness, 114 Okla. 220, 245 P. 879:

"The same rules obtain in the direction of a verdict as obtain in a demurrer to the evidence."

Since, as we have seen, the evidence of plaintiff was sufficient to send the case to the jury, it was sufficient to require denial of the motion for directed verdict.

Judgment affirmed.

CORN, C. J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur.