**BAY PETROLEUM CORP. v. MAY et ux.**
No. 35850.

Supreme Court of Oklahoma.
Dec. 15, 1953.

Monnet, Hayes & Bullis, Oklahoma City, for plaintiff in error.

Miskovsky & Miskovsky, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an action, brought by Levi B. May and Helen A. May, his wife, as plaintiffs, against the defendant, The Bay Petroleum Corporation, for the recovery of money allegedly due as bonus on an oil and gas lease, executed by plaintiffs, as lessors, to defendant, as lessee. The parties will be referred to as they appeared in the trial court.

Plaintiffs were the owners of an approximately 2¼-acre tract of land in Oklahoma County, Oklahoma, when, on January 22, 1949, they executed an oil and gas lease to the defendant. By the terms of said lease, the defendant agreed: To commence the drilling of a well upon one of three 40-acre tracts, therein specifically described, within 90 days; to commence the drilling of another well upon one of the remaining tracts within 90 days from the completion of the first well; to commence the drilling of a third well upon the remaining tract within 90 days from the completion of the second well. Plaintiffs' land was in the 40-acre tract last drilled, which constituted a single separate drilling unit.

At the time of the delivery of said oil and gas lease, defendant wrote and delivered to plaintiffs the following letter:

"You have today executed and delivered to us an oil and gas mining lease covering the 2.2966 acre tract you own in the SW¼ of Section 22, Township 12 North, Range 4 West, Oklahoma County.

"It is agreed that this lease was executed and delivered by you and is accepted by us with the express understanding that none of the property or mineral owners in the three forty acre tracts described in said lease are being paid or will be paid any bonus of any nature, cash or otherwise, and that all of said leases are being contributed for the drilling of a test well, but in the event any of the said property or mineral owners shall or should be paid a bonus or consideration of any

nature for their lease, we will also pay you a cash bonus at the highest per acre rate paid to any other such owner during the term of your lease."

There were some 10 acres of the 40 upon which defendant was unable to secure leases. The Mercury Drilling Company, who drilled the wells for defendant, secured leases upon the remaining acreage by paying therefor a bonus of some $200 or slightly more per acre. Plaintiffs filed this action on February 29, 1952, seeking to recover a comparable bonus, basing their alleged right upon the theory that, under the terms of the above-quoted letter, the defendant agreed to pay plaintiffs a bonus for the oil and gas lease, if and in the highest amount, anyone paid for a lease on any part of said 40-acre tract, of which plaintiffs' land was a part. Defendant denied liability, founding its defense upon two grounds, namely: First, that, by the terms of said letter, it agreed to pay plaintiffs a bonus for said lease only upon the condition that it (defendant) paid a bonus for any other lease in said tract and the bonus referred to in plaintiffs' petition was paid by another, not by defendant; second, that, in any event, plaintiffs were estopped to claim a bonus because they knew that defendant had definitely decided not to drill and also pay a bonus, yet, with this knowledge, plaintiffs sat idly by and allowed the defendant to drill and complete a well on the tract, of which plaintiffs' land was a part and from which they participated in the royalty, without making any claim that they were entitled to a bonus payment.

The cause was tried to a jury resulting in a verdict and judgment for plaintiffs in the amount of $500.65. From that judgment, defendant has appealed. Several propositions are presented here, but, since the one regarding estoppel requires a reversal of the judgment, the others need not be determined.

■ Many rules of law are equally applicable to issues of waiver and estoppel in pais or equitable estoppel. The features distinguishing the two are: To constitute waiver, there must be such an intent on the part of the party alleged to have waived

a right; to constitute estoppel, the essential element is not intent, but rather, action of another in reliance upon the conduct of the party allegedly estopped. In either event, the following rule of law stated in plaintiffs' brief is conceded to be applicable,

"It is well established that 'A waiver involves notion on an intention, entertained by the holder of some right, to abandon or relinquish instead of insisting on the right and it is a question of fact to be determined by the jury.' Thompson Drilling Co. v. Northern Ordnance Co., D.C., 73 F. Supp. 1; Prudential [Fire] Insurance Co. v. Trave Taylor Co., 194 Okl. 394, 152 P.2d 273; Skelly Oil Co. v. Funk, 197 Okl. 659, 174 P.2d [241], 242."

Plaintiffs made that statement or concession in connection with the assertion that the jury had considered the defense of estoppel and had found against the defendant. But, as pointed out by defendant, that assertion is not supported by the record for the reason that the particular issue was not submitted to the jury for determination. The defendant requested an instruction thereon, and, although the one requested was probably properly refused, nevertheless, that did not relieve the trial court from the necessity of instructing the jury thereon on its own motion, since estoppel was one of the fundamental issues formed by the pleadings and the evidence. The trial court did not instruct the jury on that issue although raised by the pleadings and presented upon conflicting evidence.

■ Quoting from the earlier case of McIntire v. Burns, 172 Okl. 152, 42 P.2d 143, it was said in the case of Kelly v. Employers Casualty Co., 202 Okl. 437, 214 P.2d 925, 928, that:

"* * * 'It is the duty of the trial court upon his own motion to properly instruct the jury upon the decisive issues formed by the pleadings and the evidence, and a failure to do so constitutes reversible error.'"

The defendant was entitled to have the issue of estoppel submitted to the jury under proper instructions. Failure of the

trial court in this respect, constituted reversible error.

The judgment is reversed and the cause remanded with directions to grant a new trial.