**The BAY PETROLEUM CORPORATION,
a corporation, Plaintiff in Error,**

v.

**Levi B. MAY and Helen A. May, husband and wife, Defendants in Error.**

No. 36695.

Supreme Court of Oklahoma.

July 5, 1955.

Monnet, Hayes & Bullis, Oklahoma City, for plaintiff in error.

Miskovsky & Miskovsky, Oklahoma City, for defendant in error.

JOHNSON, Chief Justice.

Parties will be referred to as they appeared in the trial court.

This is an action to recover a bonus for an oil and gas lease allegedly due from defendant to plaintiffs by reason of the execution and delivery of an oil and gas lease from plaintiffs to the defendant. The cause was tried to a jury, which returned a verdict for plaintiffs in the amount alleged to be due, and the trial court rendered judgment accordingly resulting in this appeal. This is the second appeal. The first appeal is reported as Bay Petroleum Corp. v. May, Okl., 264 P.2d 734. The case (second appeal) turns on the construction to be placed upon the lease and a letter from defendant to plaintiff, both of which form the contract between plaintiffs and defendant. Defendant concedes that it had agreed to pay plaintiffs a bonus if it paid anyone else in the leased block a bonus, but contends that it never paid anyone a bonus. The letter provides, in substance, that if any of the mineral owners in the block receive any bonus of any nature, cash or otherwise, for a lease, then in that event, the Bay Petroleum Corporation will pay a bonus to the Mayses (plaintiff) in proportion to the highest per acre rate received by any of the other mineral owners.

The record discloses that defendant obtained leases on two of the 40 acre tracts

and approximately 30 acres in the third 40 acre block, without paying a bonus. Some small tracts in this block were leased by Mercury Drilling Company for a bonus of approximately $218 per acre. Plaintiffs demanded an equivalent bonus from the defendant, which was refused resulting in this action.

That a jury's verdict in a law action reasonably supported by competent evidence will not be disturbed on appeal for insufficiency of evidence is unquestioned, and it is agreed that the sole question for determination in the case at bar is whether the defendant agreed to pay the plaintiffs a bonus for their lease if any other mineral owners were paid a bonus for their lease by anyone, or if the defendant agreed to pay a bonus only if it paid a bonus to some other mineral owner.

To determine the question of defendant's liability to plaintiffs for a bonus we must construe the lease contract composed of the lease and letter hereinbefore mentioned.

The record discloses that the defendant was in the business of obtaining oil and gas leases, and had been for many years, and through this experience was familiar with the problems and customs that arise by and through the leasing and development of oil lands. While on the other hand, plaintiffs had had very little experience in such matters. The defendant drew up and submitted to the plaintiffs the letter agreement wherein it agreed as follows:

"It is agreed that this lease was executed and delivered by you (Mr. and Mrs. May) and accepted by us (The Bay Petroleum Corporation) with the express understanding that none of the property owners in the three 40 acres tracts described in said lease are being paid or will be paid any bonus of any nature, cash or otherwise, and that all of said leases are being contributed for the drilling of a test well, but in the event any of the said property or mineral owners shall or should be paid a bonus or consideration of any nature for their lease, we will also pay you a cash bonus at the highest per acre rate paid to any other such owner during the term of your lease."

Plaintiffs argue that this letter is unambiguous as to defendant's liability to them for a bonus, but that if found to be ambiguous, then we must apply the rule that ambiguity in a contract should be resolved against the party who drew it, citing Continental Oil Co. v. Fisher Oil Co., 10 Cir., 55 F.2d 14; Sac City Canning Co. v. Griffin Grocery Co., 99 Okl. 99, 225 P. 702, and Prowant v. Sealy, 77 Okl. 244, 187 P. 235.

In considering this transaction we must place ourselves as far as possible in the position of the parties when the contract was entered into and consider the instrument itself as drawn, its purposes, and the circumstances surrounding the transaction, and, from a consideration of all the elements determine upon what sense or meaning of the terms used their minds actually met. See Iron Mountain Oil Co. v. Edwards, 100 Okl. 4, 227 P. 150, and cases therein cited.

The substance of plaintiffs' testimony was that defendant delivered to them the letter in compliance with an oral agreement to the same effect as the contents of the letter and stated that their reasons for doing so was that once prior to this transaction they leased their property for $7.50 an acre and shortly thereafter some of the other fractional owners of the leased property were paid a bonus of around $500 an acre, and they did not want that to happen to them again.

The record discloses, by inference at least, that when defendant failed to obtain a small fraction of the balance of the acreage without paying a bonus, they asked their drilling contractor, the Mercury Drilling Company, to secure the few remaining leases. Plaintiffs argue that this was done so that defendant might avoid paying them a bonus according to their agreement. Be that as it may, we are of the opinion that, under the terms of the contract the defendant agreed to pay plaintiffs a bonus for their lease if any other min-

eral owners of this acreage were paid a bonus for their lease by anyone.

An examination of the record discloses that substantial justice prevailed in the case. The judgment is affirmed.

WILLIAMS, V. C. J., and CORN, DAVIS, BLACKBIRD and JACKSON, JJ., concur.

HALLEY, J., dissents.