David BERNSTEIN, Plaintiff in Error,

v.

CONNECTICUT FIRE INSURANCE COM-
PANY, Defendant in Error.

No. 37411.

Supreme Court of Oklahoma.

July 9, 1957.

C. V. Cartwright, Wewoka, Gomer Smith, Jr. and Phillip R. Douglas, Oklahoma City, for plaintiff in error.

Hanson & Green, by Clarence P. Green, Oklahoma City, for defendant in error.

PER CURIAM.

This action was initiated June 30, 1955, to recover from the defendant the amount alleged to be due by virtue of its insurance contract with plaintiff. The fire loss occurred March 26, 1954.

In his second amended petition plaintiff pleaded the insurance policy and the loss; that an adjuster visited him and told him his policy was in force and requested certain information; that defendant furnished him proper forms for proof of loss, which he completed and returned; that thereafter defendant required plaintiff to be questioned under oath as authorized by the policy; that defendant by letter dated July 1, 1954, denied liability; that the conduct of defendant and its agents from the date of the fire until it denied liability was in pursuance of a plan to assure plaintiff that the loss would be paid and therefore amounted to a waiver of the limitation of one year contained in the policy within which an action could be commenced.

Plaintiff also alleged that defendant extended a written offer of settlement in

January, 1955. To its motion to strike this allegation, the defendant attached the written offer wherein it plainly states that the offer was made for the sole purpose of compromise, and that defendant specifically reaffirmed its original denial of liability.

The trial court sustained the defendant's motion to strike the allegations of the petition concerning waiver of the limitation upon an action as contained in the policy as well as the allegation concerning the offer to compromise the claim. The court thereupon sustained the defendant's demurrer to the petition for the reason that the action was not commenced within one year from loss as was required by the limitation contained in the policy.

The plaintiff seeks to avoid the limitation upon commencing an action by relying upon the rule announced in Prudential Fire Ins. Co. v. Trave-Taylor Co., 194 Okl. 394, 152 P.2d 273. A casual examination of the principle announced in that case discloses its inapplicability to this action. In that case it was said:

"Where an insurer does not deny liability under a policy but requests time in which to have experts examine the property alleged to have been damaged * * * and consumes approximately the entire period in which institution of an action on the policy is required to be instituted, the insurer will be held to have waived the limitation provision * * *"

Here, the denial of liability occurred in less than four months following the fire loss; and the offer to compromise the claim was explicit in reaffirming the previous denial of liability and is of no assistance to the plaintiff in establishing a waiver even if properly pleaded, for it affirmatively appears that the offer was in response to an inquiry of plaintiff's attorney. Where negotiations have been broken off in sufficient time to enable the insured to commence the action within the limitation period, no waiver results. Prudential Fire Ins. Co. v. Trave-Taylor Co., supra.

Anticipating our conclusion on the foregoing proposition, the plaintiff also urges that the limitation contained in the policy is void. The insurance policy involved is the one set out in our statutes. 36 O.S.1951 § 244.1. We have heretofore approved the limitation in such a statutory policy form as a valid method of legislative establishment of a shorter period of limitation than the one provided in the general statutes. United States Fire Ins. Co. v. Swyden, 175 Okl. 475, 53 P.2d 284. However, in 1945 the Legislature repealed the then existing statute providing an approved policy form and enacted a new statute, the title to said Act being as follows:

"An Act repealing Title 36, O.S. 1941, Sections 243 and 244; prescribing the standard form of fire insurance policy to be issued on property in the State of Oklahoma on and after January 1, 1946; and fixing the effective date of Act as January 1, 1946." Laws 1945, p. 127.

This statute is the one now appearing as Sec. 244.1, 36 O.S.1951. Based upon the title to this Act, the plaintiff now contends that this title is insufficient to properly include the shorter period of limitation as the subject of the legislation, thus rendering this provision in the policy void. Whatever may have been the objection to this statute for an insufficient title as originally enacted, when this section was included in the statutes when compiled, approved and adopted as Oklahoma Statutes 1951, Laws 1953, p. 426, 75 O.S.1955 Supp. § 144, the defect of an insufficient title to the original act was cured. Atlas Life Ins. Co. v. Rose, 196 Okl. 592, 166 P.2d 1011; Ex parte Haley, 202 Okl. 101, 210 P.2d 653, 12 A.L.R.2d 416; Green v. State, 33 Okl.Cr. 268, 243 P. 533. The limitation provided in the statutory policy is valid and applies to this action.

The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by the Commis-

sioners, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.