**AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, N. Y., a corporation, Plaintiff in Error,**

**v.**

**Paul IGLEHART, Defendant in Error.**

No. 39600.

Supreme Court of Oklahoma.

Oct. 1, 1963.

Clarence P. Green, Oklahoma City, for plaintiff in error.

Hal Welch, Hugo, for defendant in error.

HALLEY, Vice Chief Justice.

Paul Iglehart, plaintiff, commenced this action against Agricultural Insurance Company of Watertown, N. Y., defendant, to recover upon a policy of fire insurance. Judgment upon a jury verdict was entered in favor of plaintiff for the full amount of the policy, $10,000. Defendant brings this appeal. The parties will be referred to by their trial court designations.

The insured property which burned was a business building and fixtures in Fort Towson, Oklahoma.

Defendant's first proposition of error is that plaintiff's action was barred by limitations. The fire occurred on January 9, 1958, and this action was commenced January 8, 1960. The insurance policy involved is a statutory policy, the form of which is prescribed by 36 O.S.1961 § 4803. This statutory policy provides, in part:

> "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

Plaintiff cites Bernstein v. Connecticut Fire Ins. Co., Okl., 315 P.2d 232, in support of its theory that the limitations period had expired before the action was filed.

 The case is not in point. In the Bernstein case, supra, the insurance company totally denied liability on the policy within four months of the time of the loss. In the instant case the defendant at no time denied liability to plaintiff. There was merely a continuing disagreement between the parties as to the amount of plaintiff's claim. In its reply brief, defendant says, "Naturally, defendant would not deny *all* liability to plaintiff when it admitted some liability to him." In such a situation where defendant admitted liability to plaintiff, but never made payment to him on his claim, and there were intermittent negotiations for settlement of the claim, the defendant thereby waived the limitation provision of the policy. If defendant had intended to rely on the limitation provision, it should have paid plaintiff what it considered to be the reasonable value of plaintiff's loss and denied liability for anything in excess of that. If that had been done within time to allow plaintiff to commence his action for such excess claim within the limitation period of the policy, then defendant could rely on the bar of limitations. Prudential Fire Ins. Co. v. Travel-Taylor Co., 194 Okl. 394, 152 P. 2d 273. Since defendant failed to do this, it will be held to have waived the limitation provision of the policy and the trial court was correct in so finding.

Defendant's second proposition of error is that the trial court erred (a) in excluding defendant's offer of proof as to actual cash value of the property, and (b) in excluding defendant's offer of proof that plaintiff had less than a full interest in the property.

This proposition is based on that part of the policy which provides that defendant:

> " * * * does insure Paul Iglehart and legal representatives to the extent of the actual cash value of the property at the time of the loss, * * * nor in any event for more than the interest of the insured * * *."

■ Concerning the actual cash value of the property, defendant made an offer of proof of plaintiff's statements contained in certain designated portions of the transcript of an examination under oath taken by defendant prior to the filing of the action. This examination was permitted by the provisions of the insurance policy which provided that the insured shall "submit to examinations under oath by any person named by this company, and subscribe the same, * * *." The trial court correctly denied such an offer of proof. Midwestern Insurance Company v. Rapp, Okl., 296 P.2d 770; In re Free's Estate, 181 Okl. 564, 75 P.2d 476.

■ Defendant's offer of proof that plaintiff's ownership of the insured property was less than complete consisted of a certified copy of a warranty deed to plaintiff and Georgia Iglehart dated four months before the fire. Plaintiff objected to the offer on the ground that it was not the best evidence, and the trial court sustained the objection. In defendant's brief, the only argument presented on this point is that it "can be disposed of by reference to 12 O.S.1961, Sec. 486." That statutory provision is:

"Copies of all papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any such office, * * * duly certified by the officer having the legal custody of the originals thereof, under his official seal, if he have one, may be received in evidence in all civil and criminal proceedings in this state on an equal basis and with the same effect as the original thereof, without further identification, by the party desiring to use the same, *when such party is not in possession or control of such original.*" (emphasis ours)

Defendant did not include in its offer of proof any showing that the original deed was not in its possession or control. Therefore the deed could not be introduced into evidence because no proper foundation had been laid. The objection was properly sustained. Meriwether v. Bowling, 184 Okl. 1, 84 P.2d 1; Farmers' Hardware & Implement Co. v. Thacker, 54 Okl. 425, 153 P. 1144.

■ Defendant's final proposition of error is that the trial court erred in instructing the jury that plaintiff's failure, refusal, or neglect to sign the transcript of his oral examination under oath as demanded by defendant and provided for in the policy was of no importance in the case.

The insurance policy provides, in part:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, * * *."

The facts concerning this proposition of error are that the defendant demanded that plaintiff submit to an examination under oath which was complied with on September 8, 1958. By letter dated September 23, 1958, defendant sent plaintiff the original and one copy of the transcript of such examination and asked plaintiff to sign the original if it was correct. By subsequent letter, defendant advised plaintiff that it still insisted on plaintiff signing the transcript. Plaintiff thereafter filed this action. Defendant filed a Motion to Dismiss the action based on such facts. The trial court ordered that plaintiff be allowed ten days to subscribe the transcript and return it to defendant and upon failure to do so, the motion to dismiss was to be sustained. Plaintiff complied with the order by subscribing the transcript and returning it to the defendant within the time allowed, all as shown by an "Admission" filed by defendant.

■ Defendant contends that it had an absolute right to have plaintiff sign the transcript and that plaintiff's failure to do so after repeated demands by defendant was a breach of a condition precedent which precluded the maintainance of this action. We do not agree. The signing of such transcript was not a condition precedent to the

bringing of this action. It would not work a forfeiture, but it would merely delay the action until the transcript was signed. George v. Connecticut Fire Ins. Co., 84 Okl. 172, 200 P. 544, 201 P. 510, 23 A.L.R. 80. The trial court proceeded properly in making its order giving plaintiff a reasonable time within which to sign the transcript. After it was signed, defendant had no further rights in that regard. Thus, the trial court's instruction to the jury was correct.

Affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON and BERRY, JJ., concur.

JACKSON and IRWIN, JJ., concur in result.

WILLIAMS, J., dissents.