[Cite as *Dominish v. Nationwide Ins. Co.,* 129 Ohio St.3d 466, 2011-Ohio-4102.]

DOMINISH, APPELLEE, *v.* NATIONWIDE INSURANCE COMPANY, APPELLANT.

[Cite as *Dominish v. Nationwide Ins. Co.,*

**129 Ohio St.3d 466, 2011-Ohio-4102.]**

*Insurer can enforce limitation-of-action clause in its insurance contract because clause is unambiguous and insurer did not admit liability or hold out a reasonable hope of adjustment.*

(No. 2010-1431—Submitted June 7, 2011—Decided August 23, 2011.)

APPEAL from the Court of Appeals for Lake County, No. 2009-L-116, 2010-Ohio-3048.

_____

**PFEIFER, J.**

**{¶ 1}** The issue in this case is whether Nationwide Insurance Company can enforce the limitation-of-action clause contained in its insurance contract. For the reasons that follow, we conclude that it can.

**Factual and Procedural Background**

**{¶ 2}** On July 28, 2006, a storm caused a tree to fall and damage a house owned by appellee, Dennis J. Dominish.[1] Dominish submitted a claim to his insurance company, appellant, Nationwide Insurance Company. Nationwide investigated, assessed the damage, and twice issued a check to Dominish in the amount of $6,741.96. Both times that Dominish received a check, he wrote the word "void" on it and returned it to Nationwide, deeming the amount insufficient to cover the damage to his home.

_____

1. Dominish died on December 17, 2010, while this appeal was pending.

{¶ 3} On July 25, 2008, almost two years after the tree fell, Dominish filed suit against Nationwide. Nationwide argued that the lawsuit was barred by a clause in the insurance contract that states:

{¶ 4} "**Suit Against Us**. No action can be brought against us unless there has been full compliance with the policy provisions. Any action must be started within one year after the date of loss or damage." (Boldface sic.)

{¶ 5} The trial court agreed and granted Nationwide's motion for summary judgment. Dominish appealed, and the court of appeals reversed, concluding that the policy language was ambiguous and that in any event, Nationwide, by its actions, had waived its right to enforce the one-year limitation clause.

{¶ 6} We accepted Nationwide's discretionary appeal. 127 Ohio St.3d 1444, 2010-Ohio-5762, 937 N.E.2d 1035 (Proposition of Law No. I accepted); 127 Ohio St.3d 1480, 2010-Ohio-6370, 938 N.E.2d 1040 (on reconsideration, Proposition of Law No. II also accepted).

**Analysis**

*Ambiguity*

{¶ 7} This court has long adhered to the principle that ambiguous language in an insurance contract is construed against the insurance company. See, e.g., *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, 31 OBR 83, 508 N.E.2d 949, syllabus ("Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer"). Even though most words in the English language have multiple meanings, ambiguity should not be created where it does not exist.

{¶ 8} In isolation, any word or phrase in the contested policy language may be ambiguous. When considered as a whole, however, the provision is unambiguous. That the word "start" is not commonly used to indicate the

commencement of a lawsuit does not mean that it refers to something else when it is used in a provision entitled "Suit Against Us." Similarly, though the word "action" can refer to virtually anything done by a person, there is no reason to think it refers to anything other than a lawsuit when used as part of a two-sentence provision entitled "Suit Against Us." The fact that the two sentences could have been written more clearly, and they could have, does not mean that they are ambiguous. "[T]here are limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with." *United States Civ. Serv. Comm. v. Natl. Assn. of Letter Carriers AFL-CIO* (1973), 413 U.S. 548, 578-579, 93 S.Ct. 2880, 37 L.Ed.2d 796 (referring to prohibitions set forth in a federal statute). The policy states in language clear enough to be plainly understood that any lawsuit by an insured against Nationwide must be commenced within one year of the loss or damage sustained. We conclude that the policy language is not ambiguous.

*Waiver*

{¶ 9} In *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 21 O.O.3d 267, 424 N.E.2d 311, syllabus, we stated, "An insurance company may be held to have waived a limitation of action clause in a fire insurance policy by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired." This holding is sufficiently clear that we have not had occasion to revisit it in the intervening 30 years. The holding states a two-part test to determine whether an insurance company has waived a contractual limitation-of-action clause. We do not consider the test to be the

exclusive way to determine whether an insurance company has waived its right to enforce a limitation-of-action clause, but it is one way.

{¶ 10} To be deemed to have waived its right to enforce a limitation-of-action clause pursuant to our holding in *Hounshell*, an insurance company must have either recognized liability or held out a reasonable hope of adjustment and by doing so, induced the insured to delay filing a lawsuit until after the contractual period of limitation expired. We conclude that Nationwide did not recognize liability for the disputed portion of the damage or hold out a hope of an adjustment to include compensation for that portion of the damage.

{¶ 11} Nationwide clearly stated that it was not liable beyond the amount of the check that it twice proffered to Dominish. In a letter dated September 6, 2006, Nationwide stated, "You will receive or have received, a partial denial letter, indicating the roof damage is NOT part of the covered loss, nor is any damage to personal property, nor is there any covered cause of loss for any mold related issues. All of these issues are discussed in the partial denial letter." (Capitalization sic.)

{¶ 12} In the partial-denial letter, also dated September 6, 2006, Nationwide wrote, "The purpose of this letter is to advise you that Nationwide Mutual Fire Insurance Company has decided, based upon the investigation into the circumstances surrounding a claim made by you, that there is no coverage for certain aspects of your storm related claim under the Nationwide Homeowner policy. In particular, there is no coverage available for your roof or any damage to contents of your home or any resultant mold formed as a result of your loss. There is coverage available for the resultant interior damage to your home. I will contact you to make final arrangements and payment regarding the interior damage." The letter contained the following caption in capital letters: PARTIAL DENIAL OF COVERAGE. Enclosed with the letter was a check payable to

4

Dominish in the amount of $6,741.96, on which Dominish wrote "void" and returned to Nationwide.

**{¶ 13}** The letter discussed various other issues and certain provisions of the insurance policy and stated:

**{¶ 14}** "Finally, I wish to point out that the policy states on page E2 that any suit you wish to file against Nationwide as a result of this claim must be done so within one year, per the following condition:

**{¶ 15}** " 'Suit Against Us. No action can be brought unless there has been full compliance with the policy provisions. Any action must be started within one year after the date of loss or damage.' "

**{¶ 16}** In *Hounshell*, we stated, "Where there is a specific denial of liability upon the policy, either totally or in part, there would generally be no waiver occasioned by an offer of settlement." Id., 67 Ohio St.2d at 433, 21 O.O.3d 267, 424 N.E.2d 311. The facts are quite clear: Nationwide admitted partial liability, offered a check to cover that liability, and denied further liability. These actions take it outside the syllabus law and holding of *Hounshell* and *Agricultural Ins. Co. of Watertown, N.Y. v. Iglehart* (Okla.1963), 386 P.2d 145, 146, on which *Hounshell* relied. In *Iglehart*, the insurance company was deemed to have waived its limitation provision because it had "admitted liability to plaintiff, but never made payment to him on his claim," and there had been "intermittent negotiations for settlement of the claim." Id. In this case, Nationwide made payment and did not engage in further negotiations after issuing the partial denial of benefits.

**{¶ 17}** After viewing the record in a light most favorable to Dominish, which we must do when reviewing a case that was decided on summary judgment, we conclude that Nationwide offered to pay for the part of the claim it deemed itself liable for, that it denied all other claims, that it had a limitation-of-action clause in its policy, that it informed Dominish of the clause, that it asserted

the clause at every possible instance, and that Dominish was not induced to forbear filing suit by anything that Nationwide did. Accordingly, we conclude that Nationwide did not waive its right to enforce the limitation-of-action clause.

**Conclusion**

{¶ 18} We reverse the judgment of the court of appeals and reinstate the trial court's grant of summary judgment.

Judgment reversed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Svete & McGee Co., L.P.A., and David A. McGee, for appellee.

Baker, Dublikar, Beck, Wiley & Mathews and Ralph F. Dublikar, for appellant.

_____