**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Nationwide Mut. Fire Ins. Co. v. Pusser*, **Slip Opinion No. 2020-Ohio-2778.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-2778

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, APPELLANT, *v*. PUSSER ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Nationwide Mut. Fire Ins. Co. v. Pusser*, **Slip Opinion No. 2020-Ohio-2778.]**

*Insurance policies—Breach of warranty—Void ab initio—R.C. 2721.03—*
*Declaratory judgment—Language in automobile-insurance policy stating*
*policy could be rendered void ab initio if insured's warranty proved untrue*
*was sufficient warning—Insurer may maintain action for declaratory*
*judgment for purposes of establishing its rights and obligations under*
*insurance policy—Court of appeals' judgment reversed.*

(No. 2018-1137—Submitted September 11, 2019—Decided May 6, 2020.)

APPEAL from the Court of Appeals for Mahoning County, No. 17 MA 0117, 2018-Ohio-2781.

_____

**DONNELLY, J.**

{¶ 1} In this case, we are asked to determine whether specific language in an insurance policy was sufficient to warn the insured that misstatements as to warranties in her application for the policy rendered the policy void from the beginning ("void ab initio"). We conclude that the insurance policy involved in this case plainly stated that a breach of a warranty in the application for the policy rendered the policy void ab initio.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This case involves an automobile-insurance policy between appellee, Diane Lapaze, and appellant, Nationwide Mutual Fire Insurance Company ("Nationwide"). Appellee Barbara Pusser is Lapaze's sister and lived with Lapaze when Lapaze obtained the insurance policy from Nationwide. On August 13, 2012, Pusser was driving the car covered under the policy when it struck a pedestrian, Robert D. Boak, who died as a result of the accident.[1]

{¶ 3} The application that Lapaze submitted to Nationwide indicated that she was the only member of her household; neither Pusser nor any other person was listed as a member of Lapaze's household. The application was incorporated into the policy under the policy's terms.

{¶ 4} Nationwide filed a complaint for declaratory judgment in the Mahoning County Court of Common Pleas claiming that it had issued the policy in reliance on the information in Lapaze's application and that because of Lapaze's misstatements, the policy was void ab initio based on the following language in the policy: "If it is determined that any warranty made by the policyholder is incorrect, this policy may be held void ab initio." The policy also stated that information provided in the application about "other operators in the household" was a warranty, which "if incorrect, could void the policy from the beginning."

---

1. Nationwide named the administrator of the estate of Robert D. Boak as a defendant in its complaint. Boak's estate is an appellee here and was the only appellee to file a merit brief.

{¶ 5} The trial court granted summary judgment to Nationwide, determining "that the automobile insurance policy in question was 'void ab initio' * * * due to breach of warranties contained in the policy and policy application concerning disclosure of all drivers and other operators in Diane Lapaze's household." The Seventh District Court of Appeals reversed, determining that under this court's decision in *Allstate Ins. Co. v. Boggs*, 27 Ohio St.2d 216, 271 N.E.2d 855 (1971), the policy's terms did not " 'clearly and unambiguously' " indicate that Lapaze's misstatements as to a warranty could render the policy void ab initio. (Emphasis deleted.) 2018-Ohio-2781, ¶ 32, quoting *Boggs* at 219. The court of appeals also determined that because Nationwide had failed to itself declare the policy void and return Lapaze's premium, "it failed to even attempt to void the [p]olicy by its terms." *Id.* at ¶ 33.

{¶ 6} We granted Nationwide's discretionary appeal.

## II. ANALYSIS

### A. *The misstatement regarding the warranty in the application for the insurance policy rendered the policy void ab initio*

{¶ 7} In its first proposition of law, Nationwide submits that "an insurance policy sufficiently warns the insured of the consequences of warranty misstatements where the policy states that it 'may be held void ab initio.' "

{¶ 8} This case requires basic contract interpretation. "Contracts are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. E. Ohio Gas Co.*, 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus; *see also Hamilton Ins. Servs., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273, 714 N.E.2d 898 (1999). Moreover, "ambiguous language in an insurance contract is construed against the insurance company." *Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, ¶ 7. "We apply the de novo standard of review to a decision granting or denying a motion for summary judgment based on an insurance

contract." *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, 948 N.E.2d 931, ¶ 12.

**{¶ 9}** In *Boggs*, we stated that when an insured's "statement is a warranty, a misstatement of fact voids the policy ab initio." 27 Ohio St.2d at 218-219, 271 N.E.2d 855. For the policy to be void ab initio, however, "the insurer must [have] include[d] a statement in the policy * * * to the effect that [the representation] in the application is a warranty or incorporate[d] by reference the application into the policy." *Id.* at paragraph two of the syllabus.

**{¶ 10}** In this case, Nationwide plainly incorporated the application into the policy. The policy states, "The application for this policy is incorporated herein and made a part of this policy. When we refer to the policy, we mean this document, the application, the Declarations page, and the endorsements." (Emphasis deleted.) The policy also states that answers provided to questions in the application are warranties, which "if incorrect, could void the policy from the beginning."[2] And it says that information provided regarding "other operators in the household" is a warranty. Based on these contractual terms and the information that the parties presented to the trial court, the court correctly granted summary judgment to Nationwide.

**{¶ 11}** In reversing, the court of appeals determined that the language included in the policy stating, "Warranties which, if incorrect *could* void the policy from the beginning," was insufficient to plainly warn Lapaze that the policy could be rendered void ab initio because the language "speaks of possibilities, not certainties." (Emphasis sic.) 2018-Ohio-2781 at ¶ 29-30. The court of appeals appears to have been persuaded by the on-its-face nonmandatory nature of the word

---

2. It is possible that the language in the policy is based on our decision in *Boggs*, in which we differentiated the terms "warranties" and "representations." 27 Ohio St.2d at 218-219, 271 N.E.2d 855. A warranty, if untrue, subjects a policy of insurance to being found void ab initio. *Id.* A representation, if untrue, merely renders a policy of insurance voidable. *See id.* at 219.

"could." But the nonmandatory nature of the word "could" does not change the fact that the policy baldly states that a misstatement in the insured's warranty, which plainly occurred here, renders the policy subject to being void ab initio.

{¶ 12} Moreover, the nonmandatory nature of the word "could" might actually be beneficial to the insured because the policy is not required to be voided. For instance, Nationwide is under no obligation to continually research policy applications to determine whether a breach of warranty occurred and to void any policy that was entered following a breach of warranty in the application. But that Nationwide could void the policy is patent, regardless of whether Nationwide used the word "could" in the policy (as opposed to "shall"), because the insured is sufficiently forewarned that a breach of warranty can lead to a void policy. We consider the language in the policy—which states that the policy could be rendered void ab initio if the insured's warranty proved to be untrue—to be a sufficient warning. *See also Personal Serv. Ins. Co. v. Lester*, 4th Dist. Athens No. 06CA12, 2006-Ohio-5199, ¶ 18, 21 (language stating that the insurer "may void coverage" provides "a plain warning"); *Med. Protective Co. v. Fragatos*, 190 Ohio App.3d 114, 2010-Ohio-4487, 940 N.E.2d 1011 (8th Dist.), ¶ 33 (policy language "may act to render any contract of insurance null and without effect" is a sufficient warning under *Boggs*). Moreover, nothing that we stated in *Boggs* suggests that a breach of a warranty must necessarily or automatically render a policy void ab initio.

> B. *An insurer is not required to itself void an insurance policy and return the insured's premium before the insurer may file a complaint for declaratory judgment*

{¶ 13} In its second proposition of law, Nationwide submits that "an insurer is not required to void a policy and return an insured's premium before bringing a declaratory judgment action regarding whether the insurance policy is void ab initio."

**{¶ 14}** The court of appeals determined that because Nationwide had failed to itself declare the policy void and return Lapaze's premium to her, "it failed to even attempt to void the [p]olicy by its terms." 2018-Ohio-2781 at ¶ 33. The court of appeals' reasoning unduly elevates form over substance.

**{¶ 15}** Nationwide's filing of its complaint for declaratory judgment was a blatant attempt to have the policy judicially declared void. In *Preferred Risk Ins. Co. v. Gill*, 30 Ohio St.3d 108, 112, 507 N.E.2d 1118 (1987), this court stated that "an insurer may maintain a declaratory judgment action under R.C. Chapter 2721 for purposes of establishing its rights and obligations under a contract of insurance." Specifically, R.C. 2721.03 "permits a party to a contract to bring a declaratory judgment action for purposes of obtaining a binding judicial interpretation of the agreement." *Id.* at 111. Requiring Nationwide to itself declare the policy void and return Lapaze's premium before seeking a declaratory judgment would likely have served no purpose and been uneconomical, not to mention that such a requirement would leave an insured without insurance during the pendency of the declaratory judgment action. And once an insurance policy has been judicially declared void, an insurer can return any premium that the insured paid on the policy.

### III. CONCLUSION

**{¶ 16}** For the reasons stated above, we reverse the judgment of the court of appeals and reinstate the trial court's grant of summary judgment in favor of Nationwide.

Judgment reversed.

O'CONNOR, C.J., and KENNEDY, FRENCH, DEWINE, and STEWART, JJ., concur.

FISCHER, J., not participating.

_____

Carpenter, Lipps & Leland, L.L.P., Michael H. Carpenter, Michael N. Beekhuizen, David J. Barthel, and Jill R. Spiker; and Kirk E. Roman, for appellant.

Scullin & Cunning, L.L.C., and Timothy J. Cunning, for appellee estate of Robert D. Boak.

Vorys, Sater, Seymour & Pease, L.L.P., Natalia Steele, and Thomas E. Szykowny, urging reversal for amicus curiae Ohio Insurance Institute.

Rutter & Russin, L.L.C., and Robert P. Rutter, urging affirmance for amicus curiae Rutter & Russin, L.L.C.

Murray & Murray Co., L.P.A., and Margaret M. Murray, urging affirmance for amicus curiae Ohio Association for Justice.

_____