ALLSTATE INS. CO., APPELLEE, *v.* BOGGS, ADMX., ET AL.; INLAND MUTUAL INS. CO., APPELLANT.

(No. 70-423—Decided July 14, 1971.)

218

*Mr. Edward J. Utz* and *Mr. James Gustin,* for appellee.

*Messrs. McIntosh & McIntosh,* for appellant.

O'NEILL, C. J. The primary question raised by this cause is whether a misstatement of age by an insured in an application for an automobile liability insurance policy renders the policy void *ab initio.*

Statements by an insured fall into two classes—those which constitute warranties, and those which constitute representations.

The consequences of a misstatement of fact by an insured are entirely different, depending on whether the statement is a warranty or a representation. If the statement is a warranty, a misstatement of fact voids the policy

*ab initio*. However, if the statement is a representation, a misstatement by the insured will render the policy voidable, if it is fraudulently made and the fact is material to the risk, but it does not void the policy *ab initio*.

In the law of insurance, a representation is a statement made prior to the issuance of the policy which tends to cause the insurer to assume the risk. A warranty is a statement, description or undertaking by the insured of a material fact either appearing on the face of the policy or in another instrument specifically incorporated in the policy. *Hartford Protection Ins. Co.* v. *Harmer* (1853), 2 Ohio St. 452. See 30 Ohio Jurisprudence 2d 415, Section 460.

The insurer's decision to incorporate the statement in or to omit it from the policy generally controls whether the statement is a warranty or a representation.

However, the mere fact that a statement of an insured is incorporated in a policy does not necessarily make such statement a warranty. Courts do not favor warranties, or forfeitures from the breach thereof, and a statement as to conditions does not constitute a warranty unless the language of the policy, construed strictly against the insurer, requires such an interpretation. The fundamental principle is that inasmuch as policies of insurance are in the language selected by the insurer they are to be construed strictly against the insurer, and liberally in favor of the insured. *Butche* v. *Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144. See 30 Ohio Jurisprudence 2d 225 and 227, Sections 215 and 216.

In other words, an insurer is bound by the provisions which he chooses to incorporate in his policy. If it is his purpose to provide that a misstatement by the insured shall render the policy void *ab initio*, such facts must appear clearly and unambiguously from the terms of the policy.

It should be noted at this point that in the instant case there is no provision in the policy to the effect that any misstatement or misrepresentation made by the insured shall render the policy void.

Thus, the basic issue is whether the insurer in its con-

220

tract of insurance provided that age was such a material fact that a misrepresentation thereof would make the contract void *ab initio*. It is stipulated that appellant would not have issued this policy if it had been aware of appellant's age; but that is a statement *after* the fact. Furthermore, such stipulation cannot affect the legal conclusion which must be drawn from the policy of insurance as to whether misstatement of age is sufficient, under the terms of the policy, to render the policy void *ab initio*.

The application in the instant case required, among other things, that the applicant state his age, accidents, prior traffic convictions and any prior refusal or cancellation of insurance.

Although the policy provides generally that, "the named insured agrees that the statements in the declarations and in the application for this policy are his agreements and representations, that this policy is issued in reliance upon the truth of such representations," nowhere is the application, as such, incorporated in and made a part of the policy. The mere fact that a policy of insurance refers to the application does not make such application a part of the policy. 7 Couch on Insurance (2 Ed.), 316, Section 36.16. In order to have an incorporation by reference in an insurance policy, it must be done in unequivocal language on the face of the policy. 7 Couch on Insurance (2 Ed.), 313, Section 36.14.

Therefore, we must look to the policy itself to determine whether the misstatements of the insured, alone, are sufficient to render the policy void *ab initio*.

The *only place in the policy* where direct reference is made to any of the subject matter contained in the application is that part of the policy designated Combination Automobile Daily Report. In items 9 and 10 thereof, reference is made to prior convictions and prior policy cancellations. However, no reference is made in the policy to the age of the insured.

Although it is now stipulated that the appellant would not have issued the policy if it had been aware of the in-

sured's age, the insurer did not deem *age* of sufficient importance to incorporate such matter in its policy, even though it did incorporate prior traffic convictions and prior policy cancellations *in* the body of the policy.

The insurer in the instant case has chosen to include in its policy only the statements as to prior convictions and prior cancellations, thus giving those representations at least the semblance of warranties which would render the policy void *ab initio* if the misstatement therein was material to the risk. The insurer failed to incorporate the statement as to age. That representation in the application, if shown to be material to the risk and fraudulently made, would be grounds for cancellation of the policy, but does not render the policy void *ab initio*, and may not be used to avoid liability after the accident has occurred.

In order for an insurer to successfully assert that an insured's misstatement as to his age in an insurance policy application is a strict warranty which makes the policy *void ab initio*, the insurer must include a statement in the policy which it issues to the effect that such a representation as to age in the application is a warranty.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.