DECISION
Plaintiffs-appellants, Kevin Horton and Jamie Robin Taylor, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment for defendant-appellee Safe Auto Insurance Company ("Safe Auto").
Appellants filed this action alleging breach of contract and bad-faith denial of coverage under an automobile insurance policy issued by Safe Auto. Safe Auto counterclaimed seeking declaratory judgment that there was no coverage provided under the policy.
The facts of the matter are largely undisputed. On April 16, 1998, appellants Horton and Taylor purchased a used car from a dealership in South Bend, Indiana. Horton was an Indiana resident but, at that time, Taylor, who would be the primary driver of the car, worked and resided in Michigan. Acting on the advice of the car salesman, appellants telephoned Safe Auto to obtain insurance coverage for the newly purchased vehicle. Safe Auto took the necessary information from appellants by telephone at that time. Appellants represented to Safe Auto that Taylor lived at 3211 Rue Voltaire, Apartment 907, South Bend, Indiana 46615. Safe Auto subsequently mailed a written application for insurance which was returned by appellants again giving the South Bend address for both Horton and Taylor. Taylor's deposition testimony stated that she furnished Horton's address in Indiana as her own because she lacked a permanent address in Michigan at that time, and wanted to ensure that all appropriate correspondence from Safe Auto would go to a stable address.
Safe Auto's corporate offices are located in Columbus, Ohio. It is undisputed that Safe Auto is not licensed to write automobile coverage in Michigan. The policy issued to appellants relates in prominent lettering on the cover page the title "INDIANA PERSONAL AUTOMOBILE POLICY."
Under the terms of the policy, the application for insurance is specifically incorporated as part of the policy. The application provided the following representation by the applicant:
 I hereby apply to the Company for a policy of insurance as set forth in this application on the basis of the statements contained herein. I agree that such policy shall be null and void cancelled if such information is false, or misleading, or would materially affect acceptance of the risk by the Company. * * * [Emphasis sic.]
The application also provides for the following certification by the applicant: "I also certify that my principal residence/place of vehicle garaging is in Indiana, Eleven (11) or more months each year."
The application also inquired whether any driver would drive out of state on a regular basis. To this question, appellants replied "Yes Drives to Michigan daily to work." Finally, the application contains the following statement above the signature line: "I hereby certify that all information contained in this application is accurate and complete."
The trial court considered the matter on cross-motions for summary judgment and, based upon the above-quoted policy language, the undisputed fact that Taylor had provided false information on the application, and that Safe Auto was not licensed to write automobile insurance policies in Taylor's state of residence of Michigan, held that the policy could be declared void and coverage denied.
Appellants have timely appealed and bring the following single assignment of error:
 THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT FOR APPELLEE ON THE GROUND THAT THE CONTRACT OF INSURANCE ENTERED INTO BETWEEN APPELLANTS AND APPELLEE WAS RENDERED VOID AB INITIO AS A RESULT OF APPELLANT, JAMIE TAYLOR'S, MISSTATEMENT OF HER ADDRESS ON THE INSURANCE APPLICATION.
Initially, we note that this matter was decided on summary judgment. Pursuant to Civ.R. 56(C), summary judgment may be granted only when the trial court determines that there remains no genuine issues of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
Upon appeal, our review of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579. We thus conduct an independent review of the record without deference to the conclusions of the trial court. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
The issue raised by appellants' assignment of error is whether the insurance contract between appellants and appellee Safe Auto was rendered void ab initio by appellants' misrepresentations of fact on their application for insurance. The consequences of a misstatement by an insured, insofar as whether the insurance policy may be rendered void ab initio thereby, was addressed by the Ohio Supreme Court in the leading case of Allstate Ins. Co. v. Boggs (1971), 27 Ohio St.2d 216, 218-219:
 Statements by an insured fall into two classes — those which constitute warranties, and those which constitute repre-sentations.
 The consequences of a misstatement of fact by an insured are entirely different, depending on whether the statement is a warranty or a representation. If the statement is a warranty, a misstatement of fact voids the policy ab initio. However, if the statement is a representation, a misstatement by the insured will render the policy voidable, if it is fraudulently made and the fact is material to the risk, but is does not void the policy ab initio.
 In the law of insurance, a representation is a statement made prior to the issuance of the policy which tends to cause the insurer to assume the risk. A warranty is a statement, description or undertaking by the insured of a material fact either appearing on the face of the policy or in another instrument specifically incorporated in the policy. * * *
 The insurer's decision to incorporate the statement in or to omit it from the policy generally controls whether the statement is a warranty or a representation.
 However, the mere fact that a statement of an insured is incorporated in a policy does not necessarily make such statement a warranty. Courts do not favor warranties, or forfeitures from the breach thereof, and a statement as to conditions does not constitute a warranty unless the language of the policy, construed strictly against the insurer, requires such an interpretation. The fundamental principle is that inasmuch as policies of insurance are in the language selected by the insurer they are to be construed strictly against the insurer, and liberally in favor of the insured. * * *
 In other words, an insurer is bound by the provisions which he chooses to incorporate in his policy. If it is his purpose to provide that a misstatement by the insured shall render the policy void ab initio, such facts must appear clearly and unambiguously from the terms of the policy.
Examining the language contained in the insurance application, which by terms of the policy was incorporated into the insurance contract, we find no ambiguity in the statement that the policy is issued based on the statements contained in the application, and the policy would be "null and void cancelled if such information is false, or misleading, or would materially effect acceptance of risk by the company." While appellants propose various alternative interpretations of the phrase "null and void cancelled," such as the policy would be cancelled only at the time the insurance company learned of any misstatements by the applicant, rather than void ab initio, giving the words employed their plain meaning, we find no ambiguity in this expression defining the consequences of false or misleading information furnished by the applicants. Thus, under the first prong of Boggs, the insurer clearly expressed the decision to incorporate statements by the insured into the policy. The language employed in the Safe Auto policy thus satisfies the first part of the Boggs test, which requires that a representation either plainly appear on the policy or be plainly incorporated into it to be a warranty, and satisfies the second part of the test, requiring a plain warning that a misstatement as to the warranty will render the policy void from its inception. The language "null and void cancelled" is sufficiently plain warning that misstatements on the application, relating to Taylor's address and the place of garaging of the vehicle, will render the policy ineffective from its inception. The case is thus distinguishable from State Farm Fire Cas. Co. v. Davidson (1993), 87 Ohio App.3d 101, relied upon by appellants, in which the court held that no such plain warning was found in the policy.
Based upon the foregoing we find that the trial court did not err when it held that there remained no material issue of fact as to whether the Safe Auto policy was void ab initio based upon the misstatements made by appellants in applying for the insurance. Appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas granting summary judgment to Safe Auto Insurance Company is affirmed.
______________________________________ DESHLER, J.
TYACK and LAZARUS, JJ., concur.