**MEDICAL PROTECTIVE COMPANY, Appellant,**

v.

**FRAGATOS et al., Appellees.**

[Cite as *Med. Protective Co. v. Fragatos,* 190 Ohio App.3d 114, 2010-Ohio-4487.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93843.

Decided Sept. 23, 2010.

Freund, Freeze & Arnold and W. Frederick Fifner; and Troutman Sanders, L.L.P., Sean M. Hanifin, and Steven W. McNutt, for appellant.

Peter Fragatos, M.D., pro se.

Pomerantz & Crosby Co., L.P.A., and David I. Pomerantz, for Tommie Polk et al., intervenors.

Plevin & Gallucci Co., L.P.A., and Frank Gallucci III, for Bonnie Randa, intervenor.

MARY J. BOYLE, Judge.

{¶ 1} Plaintiff-appellant, Medical Protective Company of Fort Wayne, Indiana ("Medical Protective"), appeals the trial court's decision denying its motion for summary judgment and granting judgment in favor of the defendant-intervenor, Bonnie Randa. Finding merit to the appeal, we reverse the judgment and remand the cause.

### Procedural History and Facts

{¶ 2} On October 28, 2008, Medical Protective commenced the underlying action, asserting two counts: (1) rescission of a medical-malpractice policy issued beginning on April 1, 2006, to defendant, Dr. Peter Fragatos, and (2) declaratory judgment as to its duty to defend or indemnify Fragatos in connection with claims of medical malpractice asserted against him in two separate actions—the first by Tommie and Ruth Polk and the second by Randa. Medical Protective alleged that Fragatos materially misrepresented the number of past claims asserted against him. Medical Protective further alleged that the policy of insurance covered Fragatos only in his practice as a neurologist and not as a neurosurgeon; therefore, it had no duty to defend or indemnify the lawsuits that arose out of his services that were not covered under the policy.

{¶ 3} The Polks and Randa intervened in the action. The Polks filed a separate answer and counterclaim against Medical Protective, asserting their own claim for declaratory judgment and asking the court to declare that Medical Protective is required to provide coverage to Fragatos and is responsible for any judgment obtained by the Polks against Fragatos as a result of his purported malpractice.

{¶ 4} Fragatos answered, pro se, denying Medical Protective's allegations that he "knowingly misrepresented during the application or any renewal process that followed."[1]

{¶ 5} Medical Protective subsequently moved to amend its complaint as a result of a third medical-malpractice lawsuit filed by Thelma and Wilbert Roberts against Fragatos on December 5, 2008, and its learning of further misrepresentations made by Fragatos. The court granted Medical Protective's motion to file an amended complaint. In the amended complaint, Medical Protective included the Robertses' lawsuit in its second count and sought a declaration that it had no duty to indemnify or further defend this lawsuit as well as the other two pending actions. Medical Protective further alleged that it recently learned that Fragatos

---

1. It seems that after filing his answer and responding to some requests for admissions, Fragatos ceased participating in the action against him.

had been sued for malpractice in 14 prior lawsuits and that Fragatos failed to disclose these lawsuits in his application for insurance despite specific questions concerning all prior claims, potential claims, or suits arising out of the rendering or failing to render professional services.

{¶ 6} All the parties, except for Fragatos, moved for summary judgment. The gravamen of the defendants-intervenors' motions for summary judgment was that Medical Protective had waived its right to deny coverage under the policy because it failed to timely notify Fragatos of its intent to defend him under a reservation of rights. Conversely, Medical Protective moved for summary judgment on two grounds: (1) Fragatos's material misrepresentations rendered the policy void ab initio, thereby requiring a rescission of the policy, and (2) even if the policy is not rescinded, Medical Protective has no duty to further defend or indemnify in either the Polk or Randa actions because their injuries arose out of procedures not covered under the policy; specifically, the policy covers Fragatos only in his practice as a neurologist, not as a neurosurgeon.

{¶ 7} The trial court ultimately denied Medical Protective's motion for summary judgment and granted the defendants-intervenors' motions, stating the following:

{¶ 8} "This court finds as a matter of law, Medical Protective has waived its right to deny coverage based upon its failure to reserve its rights at the onset of litigation. See *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41[, 62 O.O.2d 402, 294 N.E.2d 874]; *Collins v. Grange Mutual [Cas.] Ins. Co.* (1997), 124 Ohio App.3d 574, 706 N.E.2d 856. Therefore, Medical Protective is required as a matter of law to defend and indemnify Dr. Fragatos in the medical malpractice actions. The court finds in favor of defendants on both Medical Protective's claims and the defendants' counterclaims and enters declaratory judgment for defendants. In denying summary judgment for plaintiff Medical Protective, this court finds that as a matter of law, Medical Protective's arguments and defenses are irrelevant because it failed to assert a reservation of rights in a timely manner before undertaking Dr. Fragatos' defense. The case is dismissed with prejudice."

{¶ 9} From this decision, Medical Protective appeals, raising the following three assignments of error:

{¶ 10} "[I] The trial court erred in granting the Randa intervenors' motion for summary judgment.

{¶ 11} "[II] The trial court erred in denying Medical Protective's motion for summary judgment.

{¶ 12} "[III] The trial court erred in dismissing, with prejudice, Medical Protective's claims concerning coverage for the lawsuit styled *Roberts v. Fragatos*, No. CV08674570 (Cuyahoga Ct. Comm. Pleas)."

## Standard of Review

{¶ 13} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance, i.e., summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could conclude only that judgment should be entered in favor of the movant. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196. Before the trial court may consider whether the moving party is entitled to judgment as a matter of law, however, it must determine whether there are genuine issues of material fact for trial. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 12.

{¶ 14} Under Civ.R. 56, the moving party " 'bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.' " *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, quoting *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The nonmoving party then has a reciprocal burden to set forth specific facts by affidavit or as otherwise provided by Civ.R. 56(E) that demonstrate that there is a genuine issue for trial. *Byrd* at ¶ 10.

## Randa's Motion for Summary Judgment

{¶ 15} In its first assignment of error, Medical Protective argues that the trial court erred in granting Randa's motion for summary judgment and finding that it has a duty to defend and indemnify Fragatos in connection with the Randa lawsuit. It contends that the trial court erroneously concluded that it had waived any defenses that it may have under the policy because it failed to timely notify Fragatos that it was defending him under a "reservation of rights" in the Randa lawsuit. We agree.

{¶ 16} Initially, we note that a reservation of rights consists of "notice given by the insurer that it will defend the suit, but reserv[ing] all rights it has based on noncoverage under the policy." *Motorists*, 33 Ohio St.2d at 45, 62 O.O.2d 402, 294 N.E.2d 874.

{¶ 17} Generally, the doctrines of waiver and estoppel may not be used to expand an insurance's policy coverage. *GuideOne Mut. Ins. Co. v. Reno* (Apr. 26, 2002), 2d Dist. No. 01–CA–68, 2002 WL 857682. Ohio courts, however, have recognized exceptions to that rule in certain circumstances. "An insurer should not be able to avoid liability under all circumstances in which it voluntarily relinquishes a known right or induces another into changing his position based upon reliance on the insurer's conduct when the insured is prejudiced by such reliance." *Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co.* (1994), 93 Ohio App.3d 292, 299, 638 N.E.2d 174. For example, when an insurer defends its insured without reserving its rights for a period sufficient to prejudice the insured's ability to conduct his own defense, i.e., shortly before trial, a court may find that the insurer has waived the reservation of rights and should be estopped from denying coverage. See *Dietz–Britton v. Smythe, Cramer Co.* (2000), 139 Ohio App.3d 337, 345, 743 N.E.2d 960.

{¶ 18} In *Dietz–Britton,* this court listed the factors a court should consider when determining whether an insured has suffered actual prejudice from an insurer's failure to reserve rights as follows:

{¶ 19} "[T]he loss of a favorable settlement opportunity, inability to produce all testimony existing in support of a case, inability to produce favorable witnesses, loss of benefit of any defense in law or fact through reliance upon the insurer's promise to defend, or withdrawal so near the time of trial that the insured is hampered in the preparation of its defense." Id. at 348, 743 N.E.2d 960, citing 7C Appleman, Insurance Law and Practice (1979) 313–319, Section 4693.

{¶ 20} The record reveals that Randa filed her lawsuit against Fragatos on June 30, 2008, and that Medical Protective tendered its reservation of rights letter approximately two months later, on September 4, 2008. Aside from a bald assertion that such delay constitutes prejudice, there is no evidence that the insured, Fragatos, suffered any actual prejudice as a result of the two-month period. To the extent that the trial court presumed prejudice and found waiver applicable due to any delay, no matter how short, we find that such reasoning is contrary to this court's precedent as well as that of the majority of Ohio courts. See, e.g., *Dietz–Britton,* 139 Ohio App.3d 337, 743 N.E.2d 960; *Roark v. Medmarc Cas. Ins. Co.,* 9th Dist. No. 07CA009146, 2007-Ohio-7049, 2007 WL 4554279; *Fairfield Mach. Co., Inc. v. Aetna Cas. & Sur. Co.* (Dec. 28, 2001), 7th Dist. No. 2000–CO–14, 2001 WL 1665624; *GuideOne Mut. Ins. Co.,* supra; *Davis & Meyer Law, Ltd. v. ProNational Ins. Co.,* 10th Dist. No. 06AP–730, 2007-Ohio-3552, 2007 WL 2009666.

{¶ 21} Accordingly, the first assignment of error is sustained.

Contract Void Ab Initio

{¶ 22} In its second assignment of error, Medical Protective argues that the trial court erred in denying its motion for summary judgment on its rescission and declaratory-judgment claims.

{¶ 23} Initially, we note that Medical Protective moved for rescission on two separate grounds: (1) a common-law claim for rescission arising out of fraudulent misrepresentations and (2) a claim based on warranties contained in the policy. On appeal, Medical Protective abandons its common-law argument for rescission and focuses solely on its claim that the policy is void ab initio because Fragatos breached policy warranties.[2] We therefore limit our review solely to this issue.

{¶ 24} Ohio law recognizes distinctions among material misrepresentations depending on whether they are mere representations or warranties: a false warranty will render an insurance policy void ab initio, while a misstatement, *which is fraudulently made and is material to the risk*, that does not rise to the level of a warranty will render the policy voidable. *State Farm Fire & Cas. Co. v. Davidson* (1993), 87 Ohio App.3d 101, 104, 621 N.E.2d 887. In *Allstate Ins. Co. v. Boggs* (1971), 27 Ohio St.2d 216, 219, 56 O.O.2d 130, 271 N.E.2d 855, the Ohio Supreme Court discussed the distinction, stating the following:

{¶ 25} "In the law of insurance, a representation is a statement made prior to the issuance of the policy which tends to cause the insurer to assume the risk. A warranty is a statement, description or undertaking by the insured of a material fact either appearing on the face of the policy or in another instrument specifically incorporated in the policy. *Hartford Protection Ins. Co. v. Harmer* (1853), 2 Ohio St. 452. See 30 Ohio Jurisprudence 2d 415, Section 460.

{¶ 26} "The insurer's decision to incorporate the statement in or to omit it from the policy generally controls whether the statement is a warranty or a representation.

{¶ 27} "However, the mere fact that a statement of an insured is incorporated in a policy does not necessarily make such statement a warranty. Courts do not favor warranties, or forfeitures from the breach thereof, and a statement as to conditions does not constitute a warranty unless the language of the policy, construed strictly against the insurer, requires such an interpretation. The fundamental principle is that inasmuch as policies of insurance are in the language selected by the insurer they are to be construed strictly against the

---

**2.** Although Medical Protective's amended complaint pleaded only the common-law claim for rescission of a contract procured by fraudulent misrepresentations, it separately sought declaratory judgment as to its rights and obligations under the policy. Based on its separate claim for declaratory judgment, the issue whether the policy is void ab initio was properly before the trial court and ripe for its determination.

insurer, and liberally in favor of the insured. *Butche v. Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144[, 21 O.O.2d 418], 187 N.E.2d 20. See 30 Ohio Jurisprudence 2d 225 and 227, Sections 215 and 216.

{¶ 28} "In other words, an insurer is bound by the provisions which he chooses to incorporate in his policy. If it is his purpose to provide that a misstatement by the insured shall render the policy void ab initio, such facts must appear clearly and unambiguously from the terms of the policy."

{¶ 29} If the policy is merely voidable, then an insurer may be liable for any claims arising before the policy is voided. See *Davidson,* 87 Ohio App.3d 101, 621 N.E.2d 887. In contrast, an insurer has no obligations under a policy that is declared void ab initio; the contract is considered to never have been executed. Id.

{¶ 30} The record establishes that Fragatos lied about the number of past claims filed against him when he applied for insurance. He admitted to only one claim in completing the 2006 application for insurance, despite the fact that at least 14 prior malpractice suits had been filed against him. He also failed to disclose that he had knowledge of a potential claim, i.e., the Polks' lawsuit, when he increased his limits of coverage under the renewal application. Fragatos also misrepresented the nature of the services that he would be performing in his practice. Medical Protective argues that the policy is void ab initio because Fragatos's false statements in his application were warranties as opposed to mere misrepresentations. To resolve this issue, we turn to the language of the policy.

{¶ 31} Under the Representation Endorsement, the following statements are contained in the Medical Protective 2008–2009 policy:

By acceptance of this policy, the Insured agrees the statements in any application (new or renewal) submitted to the company are true and correct.

It is understood and agreed that, to the extent permitted by law, the Company reserves the right to rescind this policy, or any coverage provided herein, for any material misrepresentations made by the Insured.

It is understood and agreed that the statements made in the insurance application are incorporated into, and shall form part of, this policy.

{¶ 32} Medical Protective further points to the following clause contained in both Fragatos's 2003 application for insurance as part of the Collis Group and later his 2006 application for solo insurance:

I understand that any material misrepresentation or omission made by me on this application may act to render any contract of insurance null and without effect or provide the company with the right to rescind it.

{¶ 33} Based on the Representation Endorsement, it is clear that Medical Protective expressly incorporated Fragatos's answers to his application as part of the policy, which would include the number of prior claims filed against him. We further find that the application's warning that any material misrepresentation would render the policy null and without effect is equivalent to warning that the policy is void ab initio. See, e.g., *Horton v. Safe Auto Ins. Co.* (June 14, 2001), 10th Dist. No. 00AP–1017, 2001 WL 664421; *Jaber v. Prudential Ins. Co. of Am.* (1996), 113 Ohio App.3d 507, 681 N.E.2d 478 (finding that similar language in the policy and application was sufficient to deem the statements warranties). Medical Protective therefore has satisfied both prongs of the *Boggs* test to establish that Fragatos's statement regarding the number of prior claims constitutes a warranty. His breach of this warranty therefore renders the policy void ab initio.

{¶ 34} Having found that the policy is void ab initio, we need not address Medical Protective's alternative argument regarding the scope of coverage.

## The Robertses' Action

{¶ 35} In its final assignment of error, Medical Protective argues that the trial court erred in dismissing its claim for declaratory judgment as to its duty to defend or indemnify Fragatos in the Robertses' lawsuit. We agree. The record reflects that the trial court dismissed Medical Protective's claim for declaratory judgment with respect to the Robertses' lawsuit despite the fact that no party, including Fragatos, moved for a dismissal or judgment on this claim. Having already found that the policy is void ab initio, we find that the trial court should have declared that Medical Protective has no duty to defend or indemnify in the Robertses' action. The third assignment of error is sustained.

{¶ 36} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GALLAGHER, A.J., concurs.

DYKE, J., concurs in judgment only.