[Cite as *James v. Safeco Ins. Co. of Illinois*, 195 Ohio App.3d 265, 2011-Ohio-4241.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96077**

## JAMES,

APPELLANT,

v.

## SAFECO INSURANCE COMPANY OF ILLINOIS,

APPELLEE,

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-707732

**BEFORE:** Sweeney, P.J., Jones, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 25, 2011

Tyrone E. Reed, for appellant.

Frost, Brown, Todd, L.L.C., and William M. Harter, for appellee.

JAMES J. SWEENEY, Presiding Judge.

**{¶ 1}** Plaintiff-appellant, Katherine James, appeals from the trial court's judgment granting defendant-appellee, Safeco Insurance Co.'s ("Safeco's") motion for summary judgment. After reviewing the facts of the case and pertinent law, we reverse the judgment and remand the cause to the trial court.

**{¶ 2}** On March 1, 2002, plaintiff purchased automobile insurance from Safeco. Plaintiff's 2002 Hyundai Santa Fe was the only vehicle listed on the policy and plaintiff was the only driver listed. On March 3, 2008, plaintiff leased a 2008 Ford Mustang and requested that Safeco add this vehicle to the policy, which Safeco did.

**{¶ 3}** Shortly after plaintiff bought the Mustang, her daughter Marcia Eason became the primary driver of the car. Eason did not live with plaintiff, and the car was stored at Eason's house. On October 14, 2008, plaintiff requested that Safeco add Eason as a driver on the policy, which Safeco did.

**{¶ 4}** On February 10, 2009, almost one year after leasing the Mustang, plaintiff took the car back from Eason because, according to plaintiff, Eason "never put a penny" toward the lease payments. Plaintiff parked the Mustang in her driveway.

2

{¶ 5} On February 27, 2009, the Mustang was stolen from plaintiff's driveway. Plaintiff filed a claim with Safeco under the policy. Safeco denied coverage, and on October 23, 2009, plaintiff filed a complaint against Safeco, alleging breach of contract and other associated claims. On October 27, 2010, the court granted Safeco's summary-judgment motion, finding that "plaintiff's representations and non-disclosures rendered insurance policy void."

{¶ 6} Plaintiff appeals and raises one assignment of error for our review.

{¶ 7} "I. The trial court erred to the substantial prejudice of the appellant, when it granted the insurer's motion for summary judgment finding that the appellant's automobile policy was rendered void ab initio, when material issues of fact remained * * * as to whether the appellant made a misrepresentation or non disclosure [that] equated a warranty about the 2008 Mustang when she added it and her daughter to her policy."

{¶ 8} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. The Ohio Supreme Court set forth the test for determining whether summary judgment is appropriate in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, as follows:

{¶ 9} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly

3

in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274."

{¶ 10} In *Allstate Ins. Co. v. Boggs* (1971), 27 Ohio St.2d 216, 218, 271 N.E.2d 855, the Ohio Supreme Court addressed the issue "whether a misstatement * * * by an insured in an application for an automobile * * * insurance policy renders the policy void ab initio."

{¶ 11} An insured's misstatement will fall into one of two categories, each with a different legal consequence. First, a "representation" is "a statement made prior to the issuance of the policy which tends to cause the insurer to assume the risk." Id. at 219. If the misstatement of fact is a representation, the statement "will render the policy voidable, if it is fraudulently made and the fact is material to the risk * * *." Id. Second, a "warranty," which is "a statement, description or undertaking by the insured of a material fact either appearing on the face of the policy or in another instrument specifically incorporated in the policy." Id. A misstatement in warranty "voids the policy ab initio." Id., at 218-219.

{¶ 12} In determining how to treat an insured's misstatement, "[t]he insurer's decision [whether] to incorporate the statement in * * * the policy generally controls whether the statement is a warranty or a representation." Id. at 219. However, a statement "does not constitute a warranty unless the language of the policy, construed strictly against the insurer,

4

requires such an interpretation. * * * If it is [the insurer's] purpose to provide that a misstatement by the insured shall render the policy void ab initio, such facts must appear clearly and unambiguously from the terms of the policy." Id.

{¶ 13} Safeco alleges that plaintiff made misstatements regarding the following information: "(1) the identity of the Mustang's driver; (2) the residency of the driver; and (3) the fact that the car would not be garaged at [plaintiff's] home." This court has considered affirmative statements, as well as failure to disclose information, under the ambit of *Boggs*. See, e.g., *Med. Protective Co. v. Fragatos*, 190 Ohio App.3d 114, 2010-Ohio-4487, 940 N.E.2d 1011.

{¶ 14} In the instant case, the policy contains the following language:

{¶ 15} "In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy.

{¶ 16} "* * *

{¶ 17} "This policy was issued in reliance upon the information provided on your application. We may void this policy if you or an insured have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

{¶ 18} "* * *

**{¶ 19}** "We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss."

**{¶ 20}** This court recently concluded that an insurance company "satisfied both prongs of the *Boggs* test to establish that [the insured's] statement regarding the number of prior claims constitutes a warranty [and] breach of this warranty therefore renders the policy void ab initio." *Fragatos*, 190 Ohio App.3d 114, 2010-Ohio-4487, 940 N.E.2d 1011, ¶ 33. The provision of the *Fragatos* policy stated: "It is understood and agreed that the statements made in the insurance application are incorporated into, and shall form part of, this policy." This court held that this language "expressly incorporated [the insured's] answers to his application as part of the policy." *Fragatos* also held that the application contained a "warning that any material misrepresentation would render the policy null and without effect, [which was] equivalent to warning that the policy is void ab initio." Id.

**{¶ 21}** This court has also recently determined, on the other hand, that misstatements by an insured "constitute a representation, not a warranty, which renders the policy voidable, but not void" under the *Boggs* test. *Am. Family Ins. Co. v. Johnson*, Cuyahoga App. No. 93022, 2010-Ohio-1855, ¶ 17. In *Johnson*, the insurance policy contained the following language:

**{¶ 22}** " 'We will provide this insurance to you in reliance on the statements you have given us in your application of insurance. You warrant the statements in your application to be true and this policy is conditioned upon the truth of your statements. We may void this

6

policy if the statements you have given us are false and we have relied on them.' " Id. at ¶ 16.

{¶ 23} The *Johnson* court reasoned that "the policy merely mentions the application; it does not state that the application is part of the policy. Moreover, the policy does not specifically state that a misrepresentation as to prior claims would render the policy void ab initio. Instead, it generally states that the false statements on the application may void the policy." Id. at ¶ 17.

{¶ 24} Upon review, we find the policy language in the instant case does not incorporate the application, nor does it clearly and unambiguously "provide that a misstatement by the insured shall render the policy void ab initio * * *." *Boggs*, 27 Ohio St.2d at 219, 271 N.E.2d 855. The policy language "in reliance upon the statements in the application" merely refers to the application. "The mere fact that a policy of insurance refers to the application does not make such application a part of the policy. * * * In order to have an incorporation by reference in an insurance policy, it must be done in unequivocal language on the face of the policy." Id. at 220.

{¶ 25} Additionally, the policy language "we *may* void this policy" is not a clear warning to the insured that a misstatement *shall* render the policy void. Rather, it is a general statement reflecting the long-standing point of law that a "contract induced by fraud is not void, but it is voidable at the election of the one defrauded." *Columbus & T.R. Co. v. Steinfeld* (1884), 42 Ohio St. 449, 455.

7

**{¶ 26}** Accordingly, we hold that plaintiff's alleged misstatements or nondisclosures were representations and thus they render the policy voidable if they were fraudulently made and material to the risk. A voidable policy may be canceled by the insurer but "may not be used to avoid liability arising under the policy after such liability has been incurred." *Boggs*, at paragraph one of the syllabus. Therefore, the court erred as a matter of law in concluding that the policy was void and in granting Safeco's summary-judgment motion. Plaintiff's assignment of error is sustained.

**{¶ 27}** The judgment is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed,

and cause remanded.

JONES and GALLAGHER, JJ., concur.