[Cite as *Nationwide v. Pusser*, 2018-Ohio-2781.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

Plaintiff-Appellee,

v.

BARBARA PUSSER ET AL.,

Defendants-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0117**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2014 CV 00290.

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed.

---

*Atty. Kirk Roman*, 50 South Main Street, Suite 502, Akron, Ohio 44308, for Plaintiff-Appellee.
*Atty. Timothy Cunning, Scullin & Cunning, LLC,* 940 Windham Court, Suite 4, Boardman, Ohio 44512, for Defendants-Appellants.

**Dated:**
June 29, 2018

**Donofrio, J.**

{¶1}   Defendant-appellant, the Estate of Robert D. Boak (the Estate), appeals from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of plaintiff-appellee, Nationwide Mutual Fire Insurance Company (Nationwide), and determining no coverage existed for a vehicle-pedestrian fatality.

{¶2}   Defendants Barbara Pusser and Diane Lapaze are sisters.  Pusser began living with Lapaze in December 2009.

{¶3}   On March 17, 2011, Lapaze signed a policy application with appellee for automobile insurance (the Application).  Lapaze signed the Application as the named insured or applicant.  The Application contains statements that:

> I ALSO UNDERSTAND THAT MISREPRESENTATION OF INFORMATION ON THIS APPLICATION, INCLUDING FAILURE TO DISCLOSE A DRIVER OR MEMBER OF THE HOUSEHOLD, COULD VOID SOME OR ALL OF MY COVERAGES.
>
> I hereby declare that the facts stated in the above application are true and request the company to issue the insurance and any renewal thereof in reliance thereon, with the understanding that I personally will provide any information requested on any policy questionnaire sent to me by the company.

(Application, p. 5).

{¶4}   The Application included a section for the applicant to list "ALL HOUSEHOLD MEMBERS OF DRIVING AGE AND NON-RESIDENT OPERATORS." Lapaze listed only herself.  She did not list Pusser as a household member of driving age despite the fact that Pusser met this definition.

{¶5}   Pusser did not have a valid driver's license.  Apparently her license was suspended sometime prior due to a driving under the influence charge and she never obtained a valid license after that.

Case No. 17 MA 0117

**{¶6}** Nationwide issued the automobile policy to Lapaze on March 17, 2011 (the Policy). The vehicle insured under the Policy was Lapaze's Dodge Neon.

**{¶7}** In 2012, Lapaze was diagnosed with dementia.

**{¶8}** On August 13, 2012, Pusser was operating Lapaze's Dodge Neon when she struck and killed Robert Boak as he was walking on Midlothian Boulevard. A third party, Dennis Lehman, was also operating a vehicle that was involved in the accident. The Policy was in effect at that time.

**{¶9}** On March 28, 2014, Nationwide filed a declaratory judgment action against Pusser, Lapaze through her legal guardian, Lehman, and the Estate seeking a declaration that it does not owe liability coverage to Pusser or Lapaze and does not owe coverage that would insure to the benefit of Lehman or the Estate.

**{¶10}** Nationwide filed a motion for summary judgment asserting no genuine issues of material fact as to (1) the Policy was void ab initio due to a breach of the warranties contained therein and failure to disclose Pusser as a driver and (2) Pusser could not be a permissive user of Lapaze's vehicle because Lapaze lacked the mental capacity to permit Pusser to use the vehicle.

**{¶11}** The Estate filed a response in opposition and a competing motion for summary judgment asserting (1) Nationwide could not void the Policy ab initio, (2) even if Nationwide could have voided the Policy, it waived that right by failing to cancel the Policy before it expired and continuing to insure Lapaze after the accident, (3) Nationwide was the party in position to discover any fraud, and (4) a genuine issue of material fact existed as to whether Lapaze had the necessary capacity to giver Pusser permission to operate her vehicle.

**{¶12}** The trial court granted Nationwide's motion for summary judgment and denied the Estate's motion for summary judgment. In so doing, the court found the Policy was void ab initio due to a breach of the warranties in the Application and the Policy concerning the disclosure of all drivers and other operators in Lapaze's household.

**{¶13}** The Estate filed a timely notice of appeal on July 25, 2017. The Estate is the only appellant in this appeal. It now raises two assignments of error.

{¶14} In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶15} The Estate's two assignments of error share the same basis in law and fact. Therefore, we will address them together.

{¶16} The Estate's first and second assignments of error state, respectively:

THE TRIAL COURT ERRED WHEN IT DENIED THE ESTATE OF ROBERT D. BOAK'S MOTION FOR SUMMARY JUDGMENT.

THE TRIAL COURT ERRED WHEN IT GRANTED NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT.

{¶17} This case is controlled by *Allstate Ins. Co. v. Boggs*, 27 Ohio St.2d 216, 271 N.E.2d 855 (1971).

{¶18} In *Boggs*, the Ohio Supreme Court observed that there are two types of statements by an insured in insurance policies: warranties and representations. *Id.* at 218. The Court stated it is important to differentiate between the two types of statements because

[t]he consequences of a misstatement of fact by an insured are entirely different, depending on whether the statement is a warranty

or a representation. If the statement is a warranty, a misstatement of fact voids the policy ab initio. However, if the statement is a representation, a misstatement [sic.] by the insured will render the policy voidable, if it is fraudulently made and the fact is material to the risk, but it does not void the policy ab initio.

*Id.* at 218-219.

**{¶19}** The Court went on to define the two types of statements. It stated that a representation is "made prior to the issuance of the policy which tends to cause the insurer to assume the risk." *Id.* at 219. On the other hand, a warranty "is a statement, description or undertaking by the insured of a material fact either appearing on the face of the policy or in another instrument specifically incorporated in the policy." *Id.* The Court held:

Although an applicant's misstatement in an insurance application, if shown to be material to the risk and fraudulently made, is grounds for cancellation of the policy, such representation, standing alone, does not render the policy void ab initio and may not be used to avoid liability arising under the policy after such liability has been incurred.

*Id.* at paragraph one of the syllabus.

**{¶20}** Moreover, if the insurer intends that a misstatement by an insured will render a policy void ab initio, that intent "must appear clearly and unambiguously from the terms of the policy." *Id.* at 219.

**{¶21}** Courts have since followed *Boggs'* two-prong test in determining if a misstatement voids an insurance policy. *Am. Family Ins. Co. v. Johnson*, 8th Dist. Cuyahoga No. 93022, 2010-Ohio-1855, ¶ 16, citing *Horton v. Safe Auto Ins. Co.* 10th Dist. No. 00AP-1017, 2001 WL 664421 (June 14, 2001). In order for a misstatement to be a warranty that voids a policy ab initio, first, the representation must plainly appear on the policy or must be plainly incorporated into the policy. *Id.* Second, there must be a plain warning that a misstatement as to the warranty will render the policy void from its inception. *Id.*

Case No. 17 MA 0117

{¶22} The Estate argues that in this case the Policy does not include any language that a misstatement will render the Policy void from its inception. Instead, it states that a misstatement "may" cause the Policy to be held void ab initio and that the Policy "could" be void from the beginning. The Estate asserts that because the Policy does not clearly and unambiguously warn that a misstatement will render it void, it does not satisfy *Boggs* and summary judgment in favor Nationwide was not warranted.

{¶23} Alternatively, the Estate argues Nationwide waived its right to void the policy because it did not return Lapaze's premium. It points out that the Policy provides that it may be held void ab initio "upon return of the policyholder's premium." (Policy, p. G4). Therefore, the Estate contends, Nationwide could not void the Policy.

{¶24} Finally, the Estate argues that it is an innocent party to this situation and it should not be forced to pay the price for Nationwide's negligence in failing to discover that it was defrauded.

{¶25} We must apply *Boggs'* two-part test to the case at hand to determine if Lapaze's misstatement voided the Policy. First, we must look at whether the misstatement plainly appears on the Policy or is plainly incorporated into the Policy.

{¶26} The misstatement that Lapaze is the only household member of driving age in her household is contained in the Application. The Application is plainly incorporated into the Policy at page G4 wherein the Policy states, "The application for this policy is incorporated herein and made a part of this policy." Thus, the first part of the *Boggs* test is satisfied.

{¶27} Second, there must be a plain warning that a misstatement as to the warranty will render the policy void from its inception.

{¶28} The Application provides:

> IF AN INCORRECT ANSWER IS GIVEN TO A QUESTION LISTED AS A WARRANTY, IN EITHER THIS APPLICATION OR THE POLICY CONTRACT, SUCH A MISSTATEMENT *MAY* VOID THE POLICY.

(Italics added).

Case No. 17 MA 0117

**{¶29}** Additionally, the Policy provides:

> 13. REPRESENTATIONS AND WARRANTIES IN THE
> APPLICATION The application for this policy is incorporated herein
> and made a part of this policy. * * * The **policyholder** agrees that the
> statements in the Declarations and the application for this policy are his or
> her agreements, representations and warranties. * * * If it is determined
> that any warranty made by the **policyholder** is incorrect, this policy *may*
> be held void ab initio, or void back to the date of inception, upon return of
> the **policyholder's** premium.
>
> Warranties which, if incorrect, *could* void the policy from the beginning are:
> * * *
>
> (2) all drivers and other operators in the household;
>
> (3) use of the insured vehicle

(Italics added; Policy, p. G4).

**{¶30}** The language employed by Nationwide in both the Application and the Policy is not a plain warning that a misstatement as to the warranty will render the policy void from its inception. Neither the Application nor the Policy states unconditionally that a misstatement as to a warranty *will* render the Policy void ab initio. Instead, the insurer chose to use the words "may" and "could" in the phrases "such a misstatement may void the policy", "this policy may be held void ab initio", and "[w]arranties which, if incorrect, could void the policy from the beginning." The use of these words speaks of possibilities, not certainties. Thus, they do not provide a plain warning as required by *Boggs.*

**{¶31}** Regarding the same type of language, the Eighth District has held:

> [T]he policy language "we *may* void this policy" is not a clear
> warning to the insured that a misstatement *shall* render the policy
> void. Rather, it is a general statement reflecting the long-standing
> point of law that a "contract induced by fraud is not void, but it is

voidable at the election of the one defrauded." *Columbus & T.R. Co. v. Steinfeld* (1884), 42 Ohio St. 449, 455.

(Emphasis sic.); *James v. Safeco Ins. Co. of Illinois*, 195 Ohio App.3d 265, 2011-Ohio-4241, 959 N.E.2d 599 (8th Dist.), ¶ 25.

**{¶32}** Moreover, *Boggs* specifically held that if the insurer intends a misstatement by an insured will render a policy void ab initio, the insurer's intent "must appear *clearly and unambiguously* from the terms of the policy." (Emphasis added); *Boggs,* at 219. The words "may" and "could" do not clearly and unambiguously put the insured on notice that a misstatement will render a policy void ab initio. These words speak only of a possibility.

**{¶33}** Additionally, it was undisputed that Nationwide never declared the Policy void nor did it return Lapaze's premium. The Policy specifically states that if it is determined that the policyholder made an incorrect warranty, then the Policy "may be held void ab initio, or void back to the date of inception, upon return of the **policyholder's** premium." (Policy, p. G4). Because Nationwide did not declare the Policy void and return Lapaze's premium, it failed to even attempt to void the Policy by its terms.

**{¶34}** For these reasons, the trial court erred in granting summary judgment in favor of Nationwide. Instead, the court should have granted summary judgment in favor of the Estate. No genuine issue of material fact exists.

**{¶35}** Accordingly, the Estate's first and second assignments of error have merit and are sustained.

**{¶36}** For the reasons stated above, the trial court's judgment is hereby reversed and summary judgment is entered in favor of the Estate.

Waite, J., concurs
Robb, P. J., concurs

—————————

Case No. 17 MA 0117

_____

For the reasons stated in the Opinion rendered herein, the Estate's first and second assignments of error are sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed and summary judgment is entered in favor of the Estate. Costs to be taxed against Nationwide.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**