[Cite as *Nationwide Mut. Fire Ins. Co. v. Pusser*, 2018-Ohio-3597.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

Plaintiff-Appellee,

v.

BARBARA PUSSER ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0117.**

---

Motion to Certify a Conflict

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Kirk Roman*, 4125 Highlander Parkway, Suite 200, Richfield, Ohio 44286, for Plaintiff-Appellee, and
*Atty. Timothy Cunning, Scullin & Cunning, LLC,* 940 Windham Court, Suite 4, Boardman, Ohio 44512, for Defendants-Appellants.

Dated:
August 30, 2018

**PER CURIAM.**

{¶1}  Plaintiff-appellee, Nationwide Mutual Fire Insurance Company, has filed a motion asking this court to certify a conflict to the Ohio Supreme Court between this Court's judgment in *Nationwide Mut. Fire Ins. Co. v. Pusser*, 7th Dist. No. 17 MA 0117, 2018-Ohio-2781, and the following decisions:  the Fourth District's decision in *Personal Serv. Ins. Co. v. Clinton Lester*, 4th Dist. No. 06CA12, 2006-Ohio-5199; the Sixth District's decision in *Jaber v. Prudential Ins. Co. of Am.*, 113 Ohio App.3d 507, 681 N.E.2d 478 (6th Dist.1996); the Eighth District's decision in *Med. Protective Co. v. Fragatos*, 190 Ohio App.3d 114, 2010-Ohio-4487, 940 N.E.2d 1011 (8th Dist.); and the Ninth District's decision in *Cincinnati Equitable Ins. Co. v. Sorrell*, 9th Dist. No. 05CA008703, 2006-Ohio-1906.

{¶2}  Appellee asks that we certify the following question:

Where an insurer states that a policy may be held void ab initio based upon incorrect warranties by the insured in the application, does said language satisfy the second prong of *Allstate v. Boggs*, 27 Ohio St.2d 216 (1971).

{¶3}  A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the state of Ohio.  Section 3(B)(4), Article V, Ohio Constitution.

{¶4}  In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question."  Second, the alleged conflict must be on a rule of law-not facts.  Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993). (Emphasis sic.)

{¶5}    Moreover, a motion to certify a conflict "shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed." App.R. 25.

{¶6}    In this case we applied the two-part test set out by the Ohio State Supreme Court in *Allstate Ins. Co. v. Boggs*, 27 Ohio St.2d 216, 271 N.E.2d 855 (1971). Pursuant to *Boggs*, in order for a misstatement to be a warranty that voids an insurance policy ab initio, (1) the representation must plainly appear on the policy or must be plainly incorporated into the policy and (2) there must be a plain warning that a misstatement as to the warranty will render the policy void from its inception.

{¶7}    This court found the first prong of *Boggs* was satisfied. We then determined:

> The language employed by Nationwide in both the Application and the Policy is not a plain warning that a misstatement as to the warranty will render the policy void from its inception. Neither the Application nor the Policy states unconditionally that a misstatement as to a warranty will render the Policy void ab initio. Instead, the insurer chose to use the words "may" and "could" in the phrases "such a misstatement may void the policy", "this policy may be held void ab initio", and "[w]arranties which, if incorrect, could void the policy from the beginning." The use of these words speaks of possibilities, not certainties. Thus, they do not provide a plain warning as required by *Boggs*.

*Id.* at ¶ 30.

{¶8}    We went on to find that the words "may" and "could" did not clearly and unambiguously put the insured on notice that a misstatement would render a policy void ab initio as required by *Boggs*. *Id.* at ¶ 32. Finally, we found that Nationwide never declared the Policy void nor did it return Lapaze's premium, which was required to void the Policy. *Id.* at ¶ 33.

**{¶9}** Because each of the four cases appellee cites is distinguishable from the case at bar, we must deny the motion to certify a conflict.

**{¶10}** In *Lester*, 2006-Ohio-5199, the Fourth District did not examine whether the conditional word "may" clearly and unambiguously put the insured on notice that a misstatement would render a policy void ab initio. And the policy in *Lester* did not use the conditional word "could." Instead, *Lester* examined whether the misstatement at issue was indeed a "material" fact or circumstance as was required under the terms of the policy. *Id.* at ¶ 18. Thus, *Lester* is not in direct conflict with the case at bar.

**{¶11}** In *Jaber*, 113 Ohio App.3d 507, the Sixth District likewise did not consider the effect of the conditional words "may" and "could." Instead, the court examined the language: "By accepting this policy, you agree that the statements on your Application are true and correct. *This policy is issued relying on the accuracy of these statements.*" (Emphasis sic.). *Id.* at 512. The court went on to point out that the policy included a warning that such misstatements *would* render it void ab initio. *Id.* (As opposed to the case at bar where the Policy stated that misstatements "could" void the Policy).

**{¶12}** In *Fragatos*, 2010-Ohio-4487, the Eighth District considered policy language reserving to the insurance company "the right to rescind this policy, or any coverage provided herein, for any material misrepresentations made by the Insured" along with the conditional phrase "may act to render any contract of insurance null and without effect or provide the company with the right to rescind it." *Id.* at ¶¶ 31-32. When faced with policy language almost identical to the language in the case at bar, the Eighth District reached the same conclusion as this court, that the *Boggs* test was not satisfied. See *Goodman v. Medmarc Ins.*, 8th Dist. No. 97969, 2012-Ohio-4061, 977 N.E.2d 128; *James v. Safeco Ins. Co. of Illinois*, 195 Ohio App.3d 265, 2011-Ohio-4241, 959 N.E.2d 599 (8th Dist.).

**{¶13}** Finally, in *Sorrell*, 2006-Ohio-1906, the Ninth District pointed out that the trial court granted summary judgment based on two separate legal conclusions: (1) the insurance policy was void ab initio and (2) the appellant's daughter was excluded from coverage because the policy excluded coverage for accidents involving household residents where those residents were not reported to the company. *Id.* at ¶ 13. The Ninth District held that based on the clear and unequivocal language in the insurance

application and the policy, the appellant's daughter was excluded from coverage because she was not reported as a driver. *Id.* at ¶ 22. The appellate court never addressed the trial court's conclusion that the policy was void ab initio.

**{¶14}** Because none of the judgments of cases cited by appellee are in conflict with the judgment of this court upon the same question, we must deny appellee's motion.

**{¶15}** For these reasons, appellee's motion to certify a conflict is hereby denied.

**JUDGE GENE DONOFIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**